CHIEF JUSTICE WILT.TAMS
delivered the opinion of tub court:
Gay brought his suit in the nature of replevin to recover a horse of Kornegay, who gave bond, and retained tbe possession of tbe horse.
The plaintiff having recovered a verdict a.nd. judgment for the horse or the ascertained value, moved for a rule, at the same term of the court, against the security, Morgan, to show cause why judgment should not also be rendered against him; and, on the trial of the rule or motion, offered to file the affidavit of his counsel that, after the recovery, and before asking for the rule, he, for the plaintiff, had demanded the horse or his assessed value of both the principal and security, and both had *607 refused; which affidavit the court rejected, and dismissed the rule, and Gay seeks a reversal.
By section 2, Civil Code, “ Remedies in Civil Cases,” are divided into — 1. “Actions;” 2. “Special Proceedings.”
In Watson vs. Gabby (18 B. Mon., 662), this court, upon a motion and judgment on a claimant’s bond, executed to the officer after levy of the execution in his hands, held, that “ the proceeding cannot be considered an ‘ action,’ as defined by the Civil Code, but comes more properly within that class of remedies denominated special or summary proceedings,” and authorized by section 484.
The Civil (Code sec. 479), regulating summary proceedings, provides, that “judgments and final orders maybe obtained, on motion, by sm-eties against their principals; sureties against their co-sureties for the recovery of money due them on account of payments made by them as such; by clients against attorneys; plaintiffs in execution against sheriffs, constables, and other officers, for the recovery of money or property collected for them, and damages; and all oilier cases specially authorized by statute.”
It is evident that this motion is not authorized by this section, unless there be some statute specially authorizing it.
Section 283 only authorizes summary proceedings on bonds to obtain discharge of specific attachments, or for forthcoming of steamboats or other property specifically attached.
> Section 3, “ Preliminary Provisions,” of Civil Code, defines a civil action to be “ an ordinary proceeding in a court of justice by one party against another for the enforcement or protection of a private right, or the redress or prevention of a private wrong.”
*608 And section 4 defines special proceedings to be “ every other remedy in a civil case.”
Among the many special provisions of the Code and statutes authorizing summary proceedings on bonds executed in legal proceedings, we have found none embracing the bonds authorized and required in an ordinary action in the nature of replevin.
In the absence of any special authority for a summary remedy, the party must be remitted to his civil action for the enforcement and protection of his private rights. The court, therefore, properly rejected the affidavit and dismissed the rule.
Wherefore, the judgment is affirmed.