## Walker v. Albert, et al.

(Decided February 20, 1925.)

### Appeal from Harlan Circuit Court.

1. Parties—Special Demurrer to Petition by One of Two Parties United in Interest Sustained.—In action to set aside commissioner's deed to administratrix to property sold to pay debts of decedent, where petition and deed showed that plaintiff was only one of two heirs, special demurrer was properly sustained, under Civil Code of Practice, section 24, and section 92, subd. 4.

2. Appeal and Error—General Demurrer Assumed Not to have been Passed on, where Ruling on Special Demurrer Governed Disposition.—Where ruling on special demurrer governed disposition of case, chancellor was assumed not to have passed on general demurrer, where it was difficult to tell from sustaining order whether or not general demurrer was considered.

CHARLES B. SPICER and SPICER & GOSS for appellant.

SAMPSON & SAMPSON, ACREE & BAKER and J. B. CARTER for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant filed his equitable action against his mother and certain of her vendees, alleging that he was the son of J. T. Walker, deceased, who died intestate, and that his mother qualified as administratrix of his deceased father, and filed an equitable action as such to settle his estate, and in such action described a certain lot of real estate in Harlan, Kentucky, and asked for a sale of the same to pay the debts of the decedent, and for a partition between the heirs at law. He alleges that at the time of such equitable action for settlement plaintiff was an infant under 14 years of age, and at the time of filing this suit was 23 years of age.

He alleges that the land so described was in such equitable action to settle his father's estate ordered to be sold, and that same was sold and a report of the sale

filed in the action, although such report of sale cannot now be found, and there was nothing to show who was the purchaser of said lot of land. But he files with his action as an exhibit a commissioner's deed dated September 15, 1913, from the commissioner to Mattie G. Walker, his mother, and that deed recites the sale of the land under a judgment of the court. and that Mattie G. Walker became the purchaser at the price of $320.00, although same was then of the value of from $700.00 to $1,000.00 and that such sale was confirmed by the court and a deed directed to be made to the purchaser, Mattie G. Walker.

That deed recites on its face that it was made in the action of Mattie G. Walker, Administratrix of J. T. Walker v. Eversole, et al.

In an amended petition he alleges that the defendants, who were vendees of his mother, bought the said property with full knowledge that his mother (now Mattie Glenn) had purchased the same at a sale had by her as such administratrix to settle the estate of J. T. Walker, and that such defendants bought the said lot from said Mattie Walker Glenn with full knowledge at the time she so purchased said property that she held the same in trust for the plaintiff.

The defendants, other than Mattie Walker Glenn, filed special demurrers to the petition, and without waiving same filed general demurrers.

It is shown on the face of the petition, and disclosed in the commissioner's deed filed with it, that appellant was not the only heir at law of J. T. Walker, but that, on the contrary, J. T. Walker had a daughter who is not a party to this action either as plaintiff or defendant.

The court in its order recites that "said demurrers" were sustained, and that the plaintiff declining to plead further his petition was dismissed.

The prayer in plaintiff's petition was that the commissioner's deed to Mattie Glenn Walker be set aside, and that she and the other defendants be adjudged to hold the property in trust for him.

Under the provisions of section 24 of the Civil Code, parties who are united in interest must be joined as plaintiffs or made defendants, and under section 92, subsection 4, where there is a defect of parties either plaintiff or defendant, a special demurrer will lie.

Clearly, therefore, the action of the court in sustaining the special demurrer was proper, and for that reason the judgment must be affirmed.

But as the order of the court is in rather unusual form we have concluded it is unnecessary to pass upon the question whether the general demurrer should have been sustained, if in fact that was the order of the court. As the special demurrer was properly sustained it was wholly unnecessary for the chancellor below to pass upon the general demurrer, and we will assume there was no such action, and the question of the sufficiency of the petition on general demurrer is expressly left open.

Judgment affirmed.