## Janin, et al. v. Logan, et al.

(Decided June 19, 1925.)

# Appeal from Edmonson Circuit Court.

1. Trusts—Judgment Appointing Additional Trustees in Ex Parte Proceeding, Without Existing Trustees Being Parties, Held Absolutely Void.—Beneficiaries of a trust could not, by an ex parte petition, and without making trustees parties, confer on court of equity jurisdiction to divest trustees of powers conferred on them by will, and appoint additional trustees, and, where existing trustees were alleged to be qualified and competent, judgment appointing three additional trustees, other than those named in petition, was an arbitrary exercise by court of powers vested by will in parties not before it, and such judgment was absolutely void.

2. Action—Ex Parte Proceeding Presupposes Right in Petitioners to which there is no Adverse Party.—An ex parte proceeding necessarily presupposes a right to petitioner to which there is no adverse party.

3. Courts—Cannot Exercise their Jurisdiction Except in Judicial Proceeding.—A court cannot exercise its jurisdiction and powers except in a judicial proceeding.

4. Action—Only where Specific Remedy Provided by Statute that Rights Can be Enforced Other than by Civil Action.—It is only where specific remedy is provided by statute that rights can be enforced otherwise than by civil action.

5. Action—"Ex Parte Proceedings" Not Necessarily a Special Proceeding, but Often a Civil Action.—An "ex parte proceeding" is not necessarily a special proceeding, but often is a civil action, in which all interested parties join as plaintiffs, and where, in addition to their consent, judicial action is required.

6. Action—Ex Parte Petition by Trust Beneficiaries, to have Additional Trustees Appointed, Without Making Existing Trustees Parties, Held Neither "Special Proceeding" Nor a "Civil Action."—Ex parte petition by beneficiaries under trust, seeking appointment of additional trustees, existing trustees not being made parties to proceeding, is neither a "special proceeding" nor a "civil action," within Code definitions.

7. Appeal and Error—Appeal from Void Judgment Dismissed, where Appellant did Not Enter Motion in Lower Court to Set it Aside.—Where judgment is absolutely void, and appellants did not, as required by Civil Code of Practice, section 763, enter motion in lower court to set it aside, an appeal, on motion by appellees, made in due time, must be dismissed.

FRANK M. DRAKE, BOYCE WATKINS, BRUCE, BULLITT, GORDON & LAURENT and WM. MARSHALL BULLITT for appellants.

THOMAS, THOMAS & LOGAN and RODES & HARLIN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Dismissing the appeal.

By his will, probated in 1849, John Croghan devised a large tract of land, upon which Mammoth Cave is situated, to three named trustees to be managed by them and their successors for the use and benefit of his nine nieces and nephews and their heirs until the death of the last surviving niece or nephew. The named trustees, or such as might act, are empowered by the will to fill vacancies "by deed or will," and new trustees so appointed are given "all the power vested in the trustees hereby appointed." At the expiration of the trust period, the trustees are empowered and directed to sell the property and divide the proceeds among the heirs of the nieces and nephews of the testator, *per stirpes*.

On June 18, 1924, the beneficiaries, eleven in number, filed an *ex parte* petition in the Edmonson circuit court, seeking the appointment of three named persons as trustees, to act in conjunction with the two existing trustees, A. C. Janin and W. E. Wyatt. Two days later, and with only the petition and a copy of the will filed therewith as authority for any action upon his part, the chancellor declined to appoint the named persons, but appointed the three appellees as trustees, over the objection and exceptions of the petitioners, and they have appealed.

One of the existing trustees, Mr. Wyatt, joined in the petition simply as a beneficiary and not as a trustee, and Mr. Janin, the other trustee, was not a party thereto.

Moreover, there is no allegation in the petition that the existing trustees have abused or refused to exercise the powers vested in them by the will, or that they have been remiss in any way in the management of the estate entrusted to their care. Upon the other hand, the petition alleges that these two trustees, whose right and ability to act is not questioned, have been acting since 1872, and that during all of that time the affairs of the estate "have been managed in a proper and suitable way, and that the various heirs and interested parties have received the income from the estate as provided under the terms of the will."

The only ground stated in the petition for interference by the court in the matter is, that "it is desirable that three additional trustees be appointed; that these

three additional trustees be selected from the various groups of heirs, and your petitioners recommend and suggest the appointment of'' three named parties, who are alleged to be ''suitable and proper persons, well qualified and competent to perform the duties of trustee of this estate.''

That no cause of action was stated against the trustees, if they had been made parties defendant, is at once apparent. It is equally clear that they were necessary parties, since plainly the beneficiaries of a trust cannot confer upon a court of equity jurisdiction to divest trustees of powers conferred upon them by the instrument creating the trust, by their *ex parte* petition, or without making the trustees parties to the proceeding and giving them an opportunity to be heard. An *ex parte* proceeding necessarily presupposes a right in the petitioners to which there is no adverse party.

The will filed with the petition makes it clear that the beneficiaries are without right to name new trustees, and they could not, therefore, confer that power upon the court by their *ex parte* petition, or except in an action against the trustees in whom such power is vested.

We, therefore, have here more than a mere defect of parties, since there is a total absence of the parties whose rights and powers are sought to be employed. There is no statement of any cause of action, *ex parte* or otherwise, or of any facts giving the court jurisdiction of either the subject matter sought to be determined or of the parties whose rights are involved. There was therefore nothing whatever before the court to call into action its general jurisdiction or powers over trustees and in trust affairs.

A court cannot, of course, exercise its jurisdiction and powers except in a judicial proceeding. Our code divides all civil cases into ''actions'' and ''special proceedings.'' It defines a civil action to be, ''a demand by pleadings in a court of justice for the enforcement of an alleged right of a plaintiff against a defendant,'' and declares that every other civil case ''is a special proceeding.''

It is only in cases where a specific remedy is provided by statute that rights can be enforced otherwise than by civil action. Gay v. Morgan, 4 Bush 606;

Stephens v. Miller, 80 Ky. 47; Kinney v. O'Bannon, 6 Bush 692; Holmes v. Commonwealth, 71 S. W. 504.

An *ex parte* proceeding is not necessarily a special proceeding, but more often is a civil action in which all interested parties join as plaintiffs, and where, in addition to their consent, judicial action is required.

This clearly is not a special proceeding, since not specially authorized by statute or the will. Nor is it a civil action either, as defined by the code or at common law, because of the absence, either as plaintiffs or defendants, of the parties whose adverse rights are involved and sought to be abridged, if not denied. As said in City of Covington, *Ex Parte,* 176 Ky. 140, 195 S. W. 439: "At common law it was essential to a judicial determination that there be three persons, the actor, the *reus* and the *judex.* Without both of the first two there can be no contest nor any opposition to any of the wishes of the actor."

The petition seeks only the appointment of named parties as trustees, and contains no prayer for general relief of any kind. The judgment entered on that petition, without responsive pleading or proof, denies the only relief sought, and is neither responsive to the petition nor supported by pleading or proof. It is then, in substance and effect, but an arbitrary exercise by the court, on its own motion, of powers vested by will in parties not before the court.

A court of equity might as well attempt to appoint a committee to take charge of a man's property upon the *ex parte* petition of his wife and children, alleging simply that he had managed his affairs properly for more than 50 years, but they deemed it desirable to have another or others appointed in his stead, or to share his responsibility.

That the judgment herein is not merely voidable but absolutely void, seems to us too obvious to admit of argument.

As the judgment is void, and appellants did not enter a motion in the lower court to set it aside, as is required by section 763 of the Civil Code before an appeal will lie to reverse it, and as appellees, in due time, made a motion to dismiss the appeal, it must be and is dismissed.