## Wales v. Williams.

(Decided October 29, 1926.)

Appeal from Hardin Circuit Court.

1. Infants.—Appeal held not dismissible, under Civil Code of Practice, section 757, because prosecuted more than two years after entry of judgment appealed from, where appellant, at time of motion for dismissal, was yet an infant.

2. Infants—Judgment Against Infant Defendant, Not Shown to Have Been Summoned or Proceeded Against by Warning Order, Held Void (Civil Code of Practice, section 52).—Judgment held void as to infant defendant, where record failed to show that she was ever summoned or proceeded against by a warning order, notwithstanding appointment of guardian ad litem, particularly where order did not show guardian was appointed for purpose of service of process, and where affidavit required by Civil Code of Practice, section 52, was not filed, nor service of process on guardian shown by record.

3. Infants.—Infant's appeal from judgment void as to her, in action to sell realty, under Civil Code of Practice, section 490, subsection 2, held dismissible, in absence of motion in lower court, under section 763, to set aside judgment.

NELSON M. WILLIS for appellant.

J. LEWIS WILLLAMS and H. L. JAMES for appellee.

Opinion of the Court by Judge Dietzman—Dismissing appeal.

This was a suit brought by appellee pursuant to section 490, subsection 2 of the Civil Code for the purpose of selling certain real property alleged to be jointly owned by and in possession of him and the named defendants, among whom was the appellant. Judgment was entered in accordance with the prayer of the petition and the property sold, the appellee becoming the purchaser. Appellant has appealed.

We are met at the outset by a motion on the part of the appellee pursuant to section 757 of the Civil Code to dismiss this appeal on the ground that it was prosecuted more than two years subsequent to the entry of the judgment appealed from. However, appellant, to meet this contention, has filed an affidavit which we treat as a reply to the plea of limitations showing that she is yet an infant. The appellee does not controvert this statement of fact, and therefore his plea of limitations must be disallowed.

Appellant relies on many reasons for a reversal of this case, none of which are passed upon or decided on this appeal, because it will have to be dismissed, since the record shows that the judgment appealed from is a void judgment, at least so far as this appellant is concerned. Before one can prosecute an appeal from a void judgment he must, under section 763 of the Civil Code, first enter a motion in the lower court to set it aside. Janin v. Logan, 209 Ky. 811, 273 S. W. 531. The reason the judgment in this case is void as to the appellant is because the record fails to show that the appellant was ever summoned or proceeded against by a warning order, and therefore ever before the court. It is true a guardian *ad litem* was appointed to defend this action for her, but as she was not before the court such appointment cannot save the judgment. The order appointing the guardian *ad litem* does not show that he was appointed for the purpose of service of process, indeed, the requisite affidavit under section 52 of the Civil Code was not filed to bring about that end. Further the record does not show that the guardian *ad litem* appointed was ever served with process.

Since the appellant was never before the court, it is patent that the judgment as to her is void. It being void, no appeal from it lies until a motion be made in the lower court to set it aside. This appeal, therefore, is dismissed.