## Cornett et al. v. Muncy et al.

(Decided March 12, 1929.)

C. W. HOSKINS for appellants.

J. M. MUNCY for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

On April 1, 1918, J. M. Muncy recovered a judgment in the Leslie quarterly court against Gran Cornett for the sum of $63.34, with interest at the rate of 6 per cent. from March 23, 1918, and his cost, amounting to $12.35. In January, 1925, Muncy brought this action against appellants as the heirs at law of Gran Cornett, alleging that the above judgment was unpaid; that Cornett was dead; that he left no personal property, but owned at his death the five tracts of land described in the petition; and he prayed judgment for the sale of the property, or enough thereof to pay his debt. Lee Cornett, one of the heirs, was a nonresident of the state and was proceeded against by warning order. Four of the defendants were infants, and a guardian ad litem was appointed for them, who filed his report. He was allowed $20 for his services as such. On August 26, 1926, the case being submitted, judgment was entered in favor of Muncy for a sale of the land to make the debt. After this judgment was rendered two of the defendants saw Muncy and paid him $25 on November 3, 1926, on the judgment, also $10 on March 22, 1927, and $10 more on November 27, 1927, and he agreed to hold up the sale. They did not pay the rest

of the judgment, and Muncy had the commissioner to sell the property on May 21, 1928. At this sale he sold two of the tracts of land for $269.26, which was, as the commissioner figured, the balance due on the judgment, with interest and cost. The defendants appeared and filed exceptions to the sale on the ground of irregularities in the proceedings and that the debt did not amount to $269.26, or anything like that amount. They also relied on a promise of Muncy not to sell the land without notice to them. The court overruled their exceptions and confirmed the sale. They appeal.

The amount of the debt was $63.34. The interest from March 23, 1918, to November 27, was $36.78. The cost in the quarterly court was $12.35, making a total of $112.47, on which $45 had been paid, leaving a balance of $67.47, so that the cost in the action in which the sale was had, to make this balance, was the difference between $269.26 and $67.47, less the interest on $63.34 from November 27, 1927, or about $200. Included in the cost is $70.50 for advertising the sale in the county paper, "Thousand Sticks," owned by appellee Muncy. The original advertisement has been brought up with the record and has been carefully measured. By section 14a3, Kentucky Statutes, the publisher shall be entitled to receive as full compensation for such advertising "at the rate of fifty cents per lineal inch, single column, solid, 8 point measure, for each insertion." It is clear from the statute that the 50 cents per lineal inch is allowed only for solid printing, 8-point measure. In other words, though the advertisement is displayed by giving space, the compensation is measured by the space required, if the matter is printed solid 8-point measure. The advertisement in the paper measures 45 inches, but at least 6 inches of this is spaced so as to give the article length, and the whole article, if printed alike, would have required only about 41 inches. In addition to this, the type used is larger than 8-point measure. 41 inches, reduced in this way, would be 32.80 inches, and this would give $16.40 for each insertion, or $49.20 for three insertions, which is all that should be allowed for this item. In view of the amount of the debt and the nature of the action, an allowance of $10 to the guardian ad litem is the limit of what is reasonable. By section 1740, Kentucky Statutes, the commissioner, for making a sale of a tract of land, is allowed $7.50, and where more than one tract is sold the court shall have the power to allow not exceeding $5 for each

additional tract sold. In this case five tracts were ordered sold if necessary. The commissioner sold two tracts, and he was allowed $7.50 for making the sale and $5 each for the four additional tracts of land ordered by the judgment to be sold. This was clearly unwarranted; as he sold only two tracts and made but one sale, he should have been allowed only $7.50. The additional $5 for the sale of another tract may be only allowed when such tract is sold separately, and nothing should be allowed for tracts that were not sold at all. The record contains a taxation of costs, which amounts to $56.55. But in the sale of the land the cost was put at $85.15 and $35 for the future cost outside of the appraisers' fees and the paper cost. Plainly, $35 was not a reasonable amount to add for future cost, for less than half this amount should have reasonably paid all the future cost after the sale. How the remainder of the $85.15, over the above $56.55, was arrived at the record does not disclose or contain anything to warrant this amount. It is clear therefore that this land was sold for largely more than was due.

By the judgment the commissioner was directed to sell so much of the land as was necessary. He reported that he first offered each of the tracts for sale separately, and none of them brought a sum equal to the debt, interest, and cost; he then offered all five tracts together, and the plaintiff bid the amount of the debt, interest, and cost for tracts 2, 4, and 5. Thereupon he announced that he would accept a bid for a less portion of the property provided it would bring the debt, interest, and cost, and thereupon Richard Walker bid the debt, interest, and cost for tracts 2 and 4; he then announced that he would receive a bid from any person who would take a less portion of the property and pay the debt, and, not receiving any bid, he knocked off the second and fourth tracts to Richard Walker as the highest and best bidder.

As the property consists of five separate tracts of land, the tracts should have been sold separately. There was nothing to show that the property was indivisible, and great injustice might well result by putting up all the property for sale at one time and giving a purchaser, who only wanted one of the tracts, no opportunity to bid. Few persons would wish to buy five separate tracts of land at one time. The only way the land could be sold advantageously was to offer it by tracts and stop the sale when the amount of the debt was raised. One tract and

a small part of another might have paid the debt if sold in this way.

By section 410 of the Civil Code, before judgment is rendered against a defendant, constructively summoned, and who has not appeared, a bond must be executed for his protection. No bond was executed in this case for the protection of the nonresident defendant, and the judgment for the sale of the land was unwarranted, as he owned an undivided interest in it.

Infants are under the peculiar care of courts of equity, and at all times their rights must be protected. Only so much land as was necessary to pay the debt and legal cost could properly be sold. Grider on Judicial Sales, sec. 67. Under all the facts, the court should have set aside the sale. The defendants offered to pay into court the amount that they figured was due the plaintiff. The plaintiff declined to accept this amount, claiming a larger sum. On the return of the case to the circuit court the court will hear a motion to correct the taxation of cost and will fix the amount due the plaintiff. The defendants' exceptions to the sale will be sustained, and they will recover costs thereon. The court will give the plaintiffs 30 days to pay the amount found due by the court before another sale of the land is advertised.

Appellee objects that the court has before it an incomplete record and should presume that the judgment below is correct. But the clerk certifies that the record is complete, and, plainly, everything that has any bearing upon the validity of the sale of the land is in the transcript. This objection therefore is not available. It is at least a complete record of the proceedings subsequent to the judgment for the sale of the land, and that is all that is necessary to determine the exceptions to the sale.

This is not an appeal from a judgment for the recovery of money. If the judgment stands, appellants have lost their land; for the tracts sold were appraised at $250 and were sold for $269.26, and there is no right of redemption. Upon the whole case manifest injustice has been done appellants, and the ends of justice require a reversal. The law of costs must not be so administered as to bring the law in disrepute. On the return of the case, if the court deems this necessary, the lost papers may be supplied as provided by Kentucky Statutes, sec. 1643, or section 3994.

Judgment reversed, and cause remanded for further proceedings consistent herewith.