## Walker v. Perkins et al.

(Decided Nov. 20, 1934.)

C. B. SPICER for appellant.

WILLIAM SAMPSON for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The suit is an attack upon a judgment as void in so far as it affected the rights of the plaintiff, now appellant, Roy Walker.

In 1912, suit to settle the estate of the appellant's father, Dr. J. T. Walker, was brought by his mother, Mrs. Mattie G. Walker, as administratrix, against the creditors and Roy Walker and Mallie Yocum, children and heirs of the deceased. As amended, the petition presented the right to have a sale of several parcels of real estate, including an undivided one-half interest in a certain lot in the city of Harlan which was subject to a lien. Litigation involving other parcels covered by the judgment in that suit, in which this appellant claimed a right, was determined in Walker v. Albert, 207 Ky. 439, 269 S. W. 522, and Walker v. Carter, 208 Ky. 197, 270 S. W. 770. But in neither of those cases was there an attack upon the validity of the judgment. The issue in this case is whether the defendant Roy Walker, then an infant, was before the court.

At the time, Walker was under 14 years of age. He resided with his mother and had no guardian. Section 52 of the Civil Code of Practice provides that, when a defendant is of that class with respect to age and situation, the summons shall be served upon his mother for him unless she be a plaintiff in the action, in which event it shall, upon the affidavit showing that fact, "be the duty of the clerk of the court to appoint a guardian ad litem for the infant, and the summons shall be served on such guardian." In this suit Walker had the burden of establishing the fact that the guardian ad litem was not served with summons for him. He was thus called upon to prove a negative.

The summonses were not found in the record or files of the clerk's office. The original petition, filed August 26, 1912, named two defendants other than the

infant. An indorsement states there was a summons and two copies issued on it. The sheriff's return, recorded on the docket, shows it was served on those two on August 28th. The amended petition, filed September 7th, named four additional local defendants besides two nonresidents. Its indorsement shows there was a summons and four copies issued and a warning order made. There is a return on the docket, dated October 1, 1912, showing execution of a summons "by handing each of the within named parties a copy" thereof; but their names are not disclosed. A third return is as follows:

"Executed this summons on Mattie G. Walker, and on Roy Walker, infant under fourteen years old, by handing two true copies of the same to Mattie G. Walker, one for her as administratrix aforesaid, and one for Roy Walker, he having no father living and no guardian, by handing to her a true copy, she being his mother and he residing with her, October 12, 1912, signed J. S. Kelly, S. H. C."

It will be noted that, although Mattie G. Walker as administratrix was the plaintiff in the suit, she was served in that fiducial capacity as a defendant. She was not a party in her individual capacity.

Although the original verified petition stated that Roy Walker was under 14 years of age and had no guardian, curator, or committee, it did not disclose that he was residing with or was in charge of the plaintiff. But a search of the records in his office by the clerk revealed nothing to indicate that a guardian ad litem was presently or ever appointed by the clerk for the purpose of service of summons as prescribed by section 52 of the Code, or that any such summons was issued. On January 28, 1913, there was filed by order of court the affidavit of plaintiff stating that the defendant Roy Walker had been summoned and that he was an infant under the age of 21 years and had no guardian, curator, or committee. In the same order J. T. Bowling was appointed guardian ad litem for the infant defendant, Roy Walker. On the next day he filed a formal answer stating inability to make a defense. On the same day judgment was entered. It recites that it appeared to the court "that all the parties are before the court by actual or constructive service." It further relates "that the infant defendant herein, viz., Roy Walker, having been duly served with summons herein and that J. T.

Bowling, a regular practicing attorney of this court, having .been appointed by the court as guardian ad litem for said infant defendant, and having filed his report herein as such guardian, and said report setting up no defense to this action," and that, it appearing to the court "from the pleadings, proof and exhibits herein" that there should be a sale of the land, it was adjudged. The commissioner's report of claims had been filed October 30, 1912. For aught appearing in this record no evidence was received in that suit, and the judgment was rendered by default.

It will thus be seen that the record in the original case does not disclose that a guardian ad litem was ever served with process for the infant. It may be stated affirmatively that it reveals that fact. The judgment, although reciting that all of the parties were before the court, goes further and says that the infant himself had been served with summons, which is in accord with the return of the sheriff indorsed on the docket.

The clerk of the court testifying as to the records deposed that it had always been his practice to enter the return of every summons upon the docket, yet sometimes there were returns not so entered. He could not say what the practice of his predecessor in office in 1912 or 1913 was. It was also proved that since that time, while a new courthouse was under construction, the records of the office had been moved to another location and then into the present office, and that many records and papers in old suits had been lost. But the papers in this case, excepting the original summonses, were all together. An attorney, experienced in abstracting titles in Harlan county, testified to the removal of the files and records and the careless way they were then handled, and deposed that he had found the docket entries of the sheriff's returns incomplete and that there were many papers in other cases missing. Such is the evidence tending to show there may have been a proper service although no memorial thereof was made and the original had been lost.

The argument centers upon the sufficiency of this proof to establish as a fact that the guardian ad litem was not served with summons, for as is conceded, unless he was, the infant defendant was not before the court.

As stated, the plaintiff in this suit was called upon

to prove a negative fact. Concerning the degree of proof of such matters, it is said in section 43 of Moore on Facts:

"It is not necessary nor, in general, feasible for the party having the burden of proof to produce such full and clear evidence of a negative fact as where proof of an affirmative is required. Frequently a negative fact can be established only by proving some affirmative fact or state of facts which is inconsistent with the affirmative of the proposition to be negatived, and which, therefore, raises a presumption that the negative is true. Any evidence which creates a fair and reasonable presumption of the existence of the negative is sufficient until overcome by some evidence to the contrary, especially where the affirmative fact is peculiarly within the knowledge of the opposite party so that he can easily prove it if necessary to establish his contention."

The guardian ad litem, Bowling, did not testify, nor is his absence explained. Resort must be had, therefore, to the record alone. It shows affirmatively that summons was served upon the mother for the infant; then by plaintiff's affidavit that the infant was served in person; that no guardian ad litem was appointed by the clerk for the service of process; that, long after the master commissioner had filed his report and on the day next preceding the entry of the judgment, the judge named a guardian ad litem, who filed his report on the very day the judgment was entered. He would have had to be served within the brief period and that would not have been in time to authorize rendition of the judgment. The record in the case is complete and all papers present except the original process bearing the sheriff's returns. There is a record of service of two summonses, which is the number shown to have been issued. It would be an extreme inference in the light of these memorials that another summons was issued and served upon the guardian ad litem without any sort of memorial thereof. Section 670, Civ. Code Prac., requires the clerk of the court to enter the return on every process on the docket, and that entry shall be evidence of the service of the summons if it should be lost. It cannot be presumed he failed to do his duty in relation to the issuance and return of the process. The presumption is the converse. While verity

should be imparted to the recitations of a judgment, and this one states that all parties were before the court, at the same time it states just how the infant was there, viz. that he had himself been served with summons. The judgment, therefore, is a monument showing that the guardian ad litem had not been served. However, recital in a judgment that process was served is not conclusive, since the Code provides otherwise how service shall be disclosed. Hermann's Ex'r v. Martin, 107 Ky. 642, 55 S. W. 429, 21 Ky. Law Rep. 1396. It may be said as a matter of some influence that the pleadings of the plaintiff and the practice of that suit reflect carelessness. It appears the procedure was if the infant was over 14 years old. Section 38, Civ. Code Prac.

The mere appointment of a guardian ad litem and the filing of an answer by him where the infant is under 14 years of age does not bring the infant before the court. If jurisdiction over him is not acquired in the manner prescribed by the statute—the only source of authority for the court to sell his land—the infant is not affected by the judgment. Section 38, Civ. Code Prac.; Holloway v. Brown, 181 Ky. 716, 205 S. W. 925; First State Bank v. Thacker's Adm'x, 215 Ky. 186, 284 S. W. 1020; Wales v. Williams, 216 Ky. 260, 287 S. W. 705; Rachford v. Rachford, 224 Ky. 831, 7 S.W.(2d) 234; Ely v. U. S. Coal & Coke Company, 243 Ky. 725, 49 S.W.(2d) 102; Soper v. Foster, 244 Ky. 658, 51 S.W. (2d) 927, 929; Lowe v. Taylor, 231 Ky. 273, 21 S.W.(2d) 284. Notwithstanding the virtue to be ascribed to a judgment after the lapse of time and the necessity of one attacking a judgment to establish its invalidity (Wolverton v. Baynham, 226 Ky. 214, 10 S. W. [2d] 837), we cannot escape the conclusion that this judgment is void so far as it affects the rights of Roy Walker.

The defendant pleaded laches or estoppel on the part of the plaintiff. Upon the premise that the judgment was void, he pleaded that, by reason of advancements to his sister, Mallie Yocum, she had no estate in this property, and that he was entitled to the half interest owned by their father. The defendants asserted in the alternative that they were entitled to recover the purchase price, taxes, and insurance paid, and for the enhancement in value of the lot by costly improvements. The plaintiff countered with the claim that he was entitled to rents. It appears that, after

this judicial sale for $1,300, a hotel was erected upon the lot and that it was later remodeled into a store and apartment house. The evidence as to the conduct of the plaintiff relied upon for an estoppel as it related to the period after he became 21 years of age is indefinite. In fact, the proof on none of the collateral issues was sufficiently developed to enable the court to render judgment upon them. Furthermore, since the circuit court dimissed the petition and made no adjudication of. these issues, it should be given an opportunity to do so. We only decide that the challenged judgment as it affects the appellant is void.

The judgment is therefore reversed, and the case remanded for consistent proceedings.