## Ex parte Craig's Guardian.

Dec. 12, 1944.

Newton Belcher for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE CAMMACK. —Reversing.

A review of the cases dealing with the sale of real estate belonging to persons under disability will show that for many years there has been considerable confusion as to the proper methods of procedure. In 1930, the legislature authorized circuit courts to approve the private sale of real estate belonging to infants and persons of unsound mind under certain specified conditions. Acts 1930, Chapter 146, KS 2150a. The enactment of that statute improved the situation somewhat, but in 1942 the legislature attempted to work out a uniform plan for the sale of such property. Acts 1942, Chapter 137. Section 489, Civil Code of Practice. KS 2150a. The material provisions of KS 2150a were incorporated in the 1942 Act under subsection 8. Confusion arose relative to the application of certain sections of that Act relating to temporary guardians or committees, so, in 1944, C. 20, Section 489 of the Civil Code was again amended with the objectionable provisions eliminated.

The first subsection of Section 489 as it now appears in the Code relates to the purposes for which a sale may be approved. Under that subsection the chancellor is given a wide discretion in the matter. The second subsection relates to parties. It provides that the person under disability need not be made a party if his guardian or committee be a party, except in actions brought under subsection 8. The third subsection deals with the substance of the pleading. The fourth subsection authorizes the chancellor to submit the case to the master commissioner for the hearing of proof. The fifth subsection makes it mandatory that proof be heard and that a copy of it be filed as part of the record. The sixth subsection provides for the execution of bond by the guardian or committee. The seventh subsection follows:

"7. Judgment—Guardian or committee may make sale. Subject to the above conditions, judgment may be rendered and executed in the same manner and on the same terms as judgments in similar cases where no person under disability is a party.

"Provided, that (a) the Court may in its discretion authorize the guardian or committee of such person or the Commissioner of the Court to make said sale at public auction upon such terms and conditions as the court may order, and to convey title thereto; or (b) if the land or interest to be sold be of an appraised value of less than $1,000, the court may in the judgment authorize such fiduciary to make the sale privately and convey title; subject, however, to the approval of the chancellor before consummation." The eighth subsection, as hereinbefore noted, incorporates substantially KS 2150a and authorizes the private sale of the real property of persons under disability subject to the approval of the circuit court. The ninth subsection directs that the chancellor shall at all times enter such orders as will conserve and protect the rights of persons under disability. The tenth subsection provides when a proceeding shall not be deemed void.

The question presented in the case before us is, Whether the sale of the one-twenty-first interest of an infant in a tract of land, which interest has a value of considerably less than $1000, can be approved by the chancellor in an ex parte action instituted by the guardian of the infant? The chancellor was of the view the action should have been prosecuted under subsection 8, which provides that the infant shall be made a party defendant by the guardian or committee, and a guardian ad litem or warning order attorney appointed to make a defense for him.

If the view of the chancellor was incorrect, we see nothing wrong with the nature of the proceeding, because the petition sets forth that all of the adult owners of the property had consented to and approved the sale of their interests in the real estate, thus leaving the infant the only interested party. As pointed out in Janin v. Logan, 209 Ky. 811, 273 S. W. 531, an ex parte proceeding may be resorted to when the party or all the parties in interest join in the action and where in addition to their consent judicial action is required.

The position of the chancellor is not without merit, but when we view section 489 of the Civil Code of Practice as a whole, as it now stands, and in the light of the history of the legislation relating to the sale of real estate belonging to persons under disability, and the decisions

of this Court thereunder, we believe he is in error. For many years it was required that the sale of such an interest in real estate should be at public auction. Obviously, this required considerable expense. In many cases the interest of the person under disability was very small, and frequently little was left after the payment of court costs and other expenses. Then, too, there was always the element of delay. The Act of 1930, as well as that of 1942, was designed to simplify and expedite proceedings in such cases. The 1942 Act authorized the approval of a private sale of the share of a person under disability if it was less than $1000. It may be contended, in view of the provisions of subsection 8 of the Section under consideration, that such authorization could be had only in a suit which had been instituted to obtain approval of the sale of the real estate in question; but it seems to us that to so hold would be drawing a distinction without a difference. As indicated in subsection 9 of Section 489, the chancellor is required at all times to enter such orders as will protect the rights of the persons under disability, and, as pointed out in Cornett v. Muncy, 228 Ky. 390, 15 S. W. 2d 251, infants are under the peculiar care of courts of equity and chancellors must ever be alert to protect their rights. Under the circumstances, we think a reasonable construction of Section 489 of the Civil Code of Practice would be that it authorizes the chancellor, upon petition of his guardian or committee, to approve the sale of the share of real estate of a person under disability if it be of a value less than $1000. As heretofore indicated, such a proceeding would permit a more expeditious and less expensive plan of procedure. In instances where the share of such a person exceeds $1000 in value the procedure should be as directed in subsection 8.

It follows from what has been said that the judgment should be and it is reversed, with direction to set it aside, and for the entry of a judgment in conformity with this opinion.

Whole Court sitting.