## KNIGHT et al. v. SALE et al.

Court of Appeals of Kentucky.

May 8, 1953.

Hunt & Palmore, Henderson, for appellants.

G. L. Withers, Dixon, for appellees.

MOREMEN, Judge.

The record presents an appeal from the judgment entered in an action filed under the Declaratory Judgment Act, Civ.Code Prac. § 639a–1 et seq., by which the parties sought to have adjudicated the rights of infants to land which had belonged to their father.

On May 30, 1936, J. L. Gibson died intestate survived by his widow, Lily Gibson, and eleven children. Six of these children are appellants. At the time of his death, J. L. Gibson was the owner in fee simple of a 65-acre tract of land which was mortgaged to the Poole Deposit Bank to secure an indebtedness in the sum of $600.

The widow qualified as statutory guardian for her infant children and, on May 25, 1939, filed a petition seeking approval of a private sale of the land under section 2150a of the Kentucky Statutes, Chapter 146, Acts 1930. The infant children were named party defendants; were duly summoned, and a guardian ad litem was appointed for them.

On July 3, 1939, judgment was entered authorizing the sale to one James H. Mc-Hatton for the sum of $1,000. The guardian was given power to execute a deed on behalf of the infants. The deed was ap-

proved by the court and the action was ordered stricken from the docket.

A defect existed in this judgment because section 2150a provides, inter alia, that no sale shall be consummated under its terms until the guardian or committee shall have executed bond with approved surety in an amount not less than the purchase price of the land. Nevertheless, a deed was executed to McHatton who took possession. Persons who are claiming through him are the appellees in this case.

The act of 1930, under which the guardian had brought this suit, was an attempt to clear up the confusion which existed as to proper methods of procedure when the sale of real estate belonging to persons under disability was necessary. The goal sought was not achieved and, in 1942, the General Assembly, by an act which became effective on June 1, 1942, c. 137, attempted to work out a uniform plan for the sale of such property by amending section 489 of the Civil Code of Practice. As amended, subsection (8) of section 489 embodied the substance of section 2150a of the Kentucky Statutes, and authorized a private sale of real property of persons under disability when the approval of the circuit court had been obtained. See Ex parte Craig's Guardian, 298 Ky. 824, 184 S.W.2d 232, for a full history of this subject.

After the act of 1942 became effective, the guardian filed in April, 1943, a pleading styled "Motion to re-docket case and amended petition in equity," in which it was pointed out that the required bond had been omitted by mistake, and it was prayed that the case be reinstated on the docket; that a guardian ad litem be appointed, and the case be re-submitted upon proof theretofore taken. No notice was given to the infants of this motion, nor was process issued on the amended petition. A bond was tendered for approval by the court. The case was submitted upon "the amended petition of the plaintiff, the report of the guardian ad litem, the proof and the whole record," and judgment was entered approving the bond and empowering the guardian to re-execute the deed. A new deed was executed.

On the 24th day of March, 1951, appellants, who filed suit via their next friend, filed a petition in the instant action under section 639a–1 et seq. of the Civil Code of Practice in which they alleged in detail the procedure that had theretofore been taken, which is outlined above, and prayed for a declaration of the rights of the respective parties. The defendants filed a general demurrer to this petition and, without waiving the same, filed an answer in which it was alleged that after the deduction of preferential credits, the share of each of the heirs in the proceeds amounted to $8.07. The allegations of the answer were not denied and upon submission of the case on the demurrer to the petition and on the joint and separate answers to the petition, the affirmative allegations of which were taken as true, the action was dismissed and it is from that judgment this appeal is prosecuted.

Appellants contend that title to the property did not vest in McHatton for the following reasons: (1) the failure to execute the required bond rendered the 1939 judgment void; (2) when the 1939 proceeding was terminated, the court lost jurisdiction of the parties with the result that in 1943, the infant defendants were no longer before the court; and (3) the 1943 judgment cannot be sustained because it did not meet the jurisdictional requirements of an ex parte action under the act.

We believe it unnecessary to decide the first question because if the proceedings which were had in April, 1943, were valid, such a decision is not required. We have concluded that it was not necessary for the infant defendants to be before the court by process in the action which was had in April, 1943, by an amended petition because by that date the law concerning the sale of an infant's property had been changed and the infant was no longer a necessary party if the share of real estate of a person under disability was of a value less than $1,000.

As we pointed out in Ex parte Craig's Guardian, 298 Ky. 824, 184 S.W.2d 232, 233, the act of 1942, which amended section 498 of the Civil Code of Practice, indicated in a

portion of the act that the infant should be made a party and, in another section of the act, language was used which apparently was in conflict with it. The opinion, however, resolved the difficulty by holding that the chancellor was empowered to approve the sale of a share of realty owned by a person under disability upon an ex parte petition by the guardian or committee, saying:

"Under the circumstances, we think a reasonable construction of Section 489 of the Civil Code of Practice would be that it authorizes the chancellor, upon petition of his guardian or committee, to approve the sale of the share of real estate of a person under disability if it be of a value less than $1000. * * * In instances where the share of such a person exceeds $1000 in value the procedure should be as directed in subsection 8."

We have concluded that the judgment of 1943 was entered in proceedings which met all the jurisdictional requirements of the act of 1942 because the share of each infant was less than $1,000 and, therefore, it was not necessary that they be made parties.

Appellants argue that in order to meet the jurisdictional requirements of an ex parte proceeding, the interest involved must be of the *appraised* value of less than $1,000 at the time of the ex parte proceeding. However, we find nothing in the record that indicates the court was not satisfied by proper proof that the value of the infants' share was less than $1,000 and, as a matter of fact, the judgment, which was filed as an exhibit with the judgment of 1939, specifically recites that the sum of $1,000 represented the full value of the property, and there were eleven infants. In the absence of a showing to the contrary, we will assume that this judgment was supported by competent evidence. Furthermore, it is shown by specific allegations in the answer that the share of each infant defendant amounted to no more than $8.07. Appellants argue that because the general demurrer to the petition was sustained, these allegations may not be taken as confessed even though they were not traversed.

As we have before mentioned, this is a proceeding for a declaration of rights and customarily, since the adoption of the act, strict application of rules of pleading has not been followed. The plaintiff in such actions, when he asks for a declaration of the court, may state the complete facts in the petition, together with the contentions of the various parties. Both plaintiffs and defendants may file additional pleadings or state by answer additional facts which affect the controversy. Either party is at liberty to deny facts which are believed to be inaccurate but if they are not denied the trial court, upon submission of the case for judgment, has the right to consider all facts which were properly alleged. That was done in this case by the circuit court.

We have found no substantial error and the judgment is, therefore, affirmed.