**Allen SMITH et al., Appellants,**

v.

**William Earl CANADA et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1956.

Rehearing Denied June 8, 1956.

E. D. Stephenson, Sanders & Hyden, Dan Jack Combs, Pikeville, J. W. Howard, Prestonsburg, for appellants.

F. M. Burke, Henry D. Stratton, Pikeville, for appellees.

WADDILL, Commissioner.

This is an appeal from a judgment of the Pike circuit court adjudging void a previous judgment and order of sale of that court. The trial court held that in the previous action appellees, who were infants at the time, were not served with summons as provided by Civil Code of Practice, § 52. Appellants urge as grounds for reversal that: (1) Although appellees' father was alive at the time the previous action was brought, it was not necessary to deliver summons to him in order to bring the infants before the court, as he was at the time confined in the penitentiary; (2) since a part of the record in the original action is lost it must be presumed that the court had jurisdiction of the parties; and, (3) the present action is barred by the statute of limitations.

On December 20, 1927, Goma Canada was shot and killed by her husband. Surviving her were her three children, the appellees, who were each under fourteen years of age, and her husband Earl Canada, who was also the father of appellees.

On December 31, 1927, Octavia Deskins, mother of decedent, was appointed administratrix, and on April 16, 1928 she filed an action to settle the estate. Portions of the record in this action are lost, including the sheriff's original return on summons. There remain however, the appearance docket, the various orders entered in the action, the report of the Master Commissioner, and the judgment.

Two other actions were filed against Earl Canada and the infant children seeking to enforce liens against the decedent's estate. These actions were subsequently consolidated with the suit to settle the estate.

In each of the three actions the infant children of decedent Goma Canada were made defendants. In the suit by the administratrix to settle the estate the sheriff's return on summons, as copied by the clerk upon the margin of the docket reveals that summons was served upon the infant defendants by delivering copies thereof to "O. M. Goff, guardian ad litem." In the creditors' suits the clerk's docket shows delivery of the summons to Octavia Deskins the person having custody of them. No other notation of service upon the infants appears upon the docket.

At the time of the service upon the guardian ad litem, the infants' father, Earl Canada, was confined in the State Penitentiary at Frankfort, serving a life term for the murder of Goma Canada.

In 1951, the appellees, William Earl Canada, Claude Shelton Canada and Ruth Florine Canada Workman, brought this action, attacking as void the judgment entered in the suit to settle Goma Canada's estate. By amended petition they allege that summons was not served upon their father as required by Section 52 of the Civil Code of Practice, and therefore the judgment rendered was void. The trial court so held. We consider the contentions of the parties under the provisions of the former Civil Code of Practice.

Section 52 of our Civil Code of Practice provided that:

"If the defendant be under the age of fourteen years the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him."

Only in the event that all of these persons were plaintiffs did the Code authorize summons to be served upon a guardian ad litem.

The language of this Code provision was mandatory, and where infants under fourteen years of age were not summoned in the manner prescribed by the above provisions a judgment against them, directing a sale of their land, is void. Walker v. Perkins, 256 Ky. 442, 76 S.W.2d 251; Lowe v. Taylor, 231 Ky. 273, 21 S.W.2d 284; McComas v. Hull, 274 Ky. 192, 118 S.W.2d 540.

The appellants urge that as the infants' father was confined in the penitentiary, he was under such a disability as to remove the necessity of service upon him in order to bring the infants before the court. If we were to follow appellants' contention, service upon the guardian ad litem would have been sufficient.

In construing Section 52 of the Civil Code of Practice we have held that where the person on whom process should be served was not a resident of this state and could not be actually served with process, summons could be served on the next person in the order named in the Code, provided he was not a plaintiff and was an actual resident of the state, Brown v. Allen's Guardian, 175 Ky. 570, 194 S.W. 801. In view of the Brown case, appellants urge us to extend the rule and hold that the incapacity of one of those specified by the Code removed the necessity of service upon

that person. We have held to the contrary however, in Lawrence v. Conner, 14 S.W. 77, 12 Ky.Law Rep. 86, where we said that an infant was before the court where summons was served upon the person having charge of him, who was himself an infant and consequently under disability. The purpose of the code provision was to give notice to the one who was most likely to feel an interest in the infant's welfare and would probably protect his rights. Appellants ask that we extend the rule and hold that the fact that an infant's father was confined in the penitentiary removed him from this category. This we decline to do.

■ Appellants assert that as a large part of the record in the settlement suit is lost there is a presumption that the proceedings were regular and that the court had jurisdiction of the subject matter and the parties. While this may be the general rule, we have in the case at hand an affirmative showing that summons was defectively served upon the infant defendants. In view of this showing we cannot presume that subsequent summons was issued and served upon the father of the infants, and the return was not copied on the docket by the clerk, as required by Civil Code of Practice § 670. Walker v. Perkins, 256 Ky. 442, 76 S.W.2d 251.

■ Appellants further assert that the one and three year limitation periods imposed by Civil Code of Practice §§ 391 and 344 respectively, bar the present action. However, the judgment which is being attacked is void, not merely erroneous, and for that reason can be challenged at any time. Allen v. Sweeney, 185 Ky. 94, 213 S.W. 217. Also see Brown's Adm'r v. Gabhart, 232 Ky. 336, 23 S.W.2d 551; Johnson v. Carroll, 190 Ky. 689, 228 S.W. 412; Highland Land & Building Co. of Dayton v. Audas, 110 S.W. 325, 33 Ky. Law Rep. 214.

Having concluded that the appellees were not before the court in the suit to settle their mother's estate, the judgment entered in that suit, as far as it affects them, is void.

Judgment affirmed.