CASE 65.—ACTION BY NETTIE S. CORNELL AS GUARDIAN OF JAMES H. AND WM. B. CORNELL FOR THE SALE OF LAND.—January 28.

## Cornell v. Cornell

Appeal from Nelson Circuit Court.

GEORGE W. STONE, Special Judge.

From a judgment sustaining exceptions to the sale the purchaser, James S. Cornell, appeals.—Affirmed.

1. Infants—Actions—Process.—Under Civil Code Practice, section 52, requiring the clerk, when those named in the section who might be served with summons for infant defendants under 14 years of age are all plaintiffs, to appoint a guardian ad litem for the infants and providing that the summons shall be served on such guardian, service on the guardian so appointed suffices, and service on the infant is not necessary.
2. Guardian and Ward—Vested Estates of Ward—Sales.—It is only under Civil Code Practice, section 489, subsec. 5, that a vested estate of an infant may be sold for reinvestment by order of court in an action against the infant by his guardian.
3. Guardian and Ward—Sales of Ward's Land—Bond of Guardian. —Under the express provisions of Civil Code Practice, section 493, subsec. 3, any order of sale and any sale thereunder of an infant's land is absolutely void where the bond required by the section to be given by the guardian of the infant is not executed.

C. T. ATKINSON for appellant.

Cornell v. Cornell.

### CLASSIFICATION.

1. Where guardian ad litem is appointed by the clerk, under amendment to section 52, Civil Code, for service of process on him, he represents the infant throughout the litigation without other appointment; and a summons commanding the sheriff to summon him to answer as guardian ad litem for the infants, named in the process, is a valid summons; and brings the infants before the court.

2. Where there is no right of redemption, there is no need of appraisement before judicial sale. (McKee v. Stein, 91 Ky. 240, 79 Ky. 250, 87 Ky. 441.)

KELLY & CHERRY for appellee.

### POINTS AND AUTHORITIES.

The summons is one of the principal writs incident to every judicial proceeding; it is the official notification to a party that he has been sued, and it cannot be a notification to him unless it is directed to him and notifies him that he has been sued. In this case there was no legal summons. (Civil Code, secs. 39, 40, 48, 52, 641, 642, 53; Ky. Constitution, sec. 123; Yeager v. Groves, &c., 78 Ky. 279; Keller v. Stanley, 86 Ky. 248; Gulf & Col. R. R. Co. v. Rawlings, 80 Texas 579, 16 S. W. 430; Alderson on Judicial Writs & Process, sec. 46; Rich v. Sowles, 64 Vt. 408; Roch v. Hampden Sav. Bank, 128 Mass. 115.)

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

A. D. Cornell died intestate some five years since, leaving a widow, Nettie E. Cornell, appellant, and two children, James H. and William B. Cornell, each under seven years of age. He owned an undivided interest in two tracts of land, one in Nelson and one in Bullitt county, Kentucky. A short time after his death, by proper proceedings in the Nelson county court, the lands were partitioned and deeds made which conveyed to his widow and children 137 19-20 acres in Nelson county, and 79 acres near Mt. Washington, in Bullitt county, in both of which the widow

had a dower, and the two children named held the fee. The widow was appointed guardian for the two children. These lands had no buildings on them. The widow rented them out for several years, and by reason thereof they began to depreciate in value. The lands were rolling, and had begun to wash into gullies. The rents received were less each year, and she concluded to bring an action and have the lands sold for the purpose of reinvesting the proceeds in other property for the benefit of her children, her wards. This action was instituted for that purpose. The necessary allegations were made, the proof taken, and the court rendered a judgment directing the sale of the lands, which was made by the commissioner. James S. Cornell, one of the appellees, purchased the Nelson county land, paying therefor over $7,000, and appellant, Nettie E. Cornell, purchased the Bullitt county survey, the consideration named being something over $900. The commissioner filed a report of the sales, and appellee, the purchaser of the Nelson county land, filed exceptions to the report. The exceptions were four in number: First, the court did not have jurisdiction to order a sale of the land, for the reason that the infant defendants, James H. and William B. Cornell, were never summoned as required by law in this action, and that no summons was ever issued against them or directed to be executed on them in any manner whatsoever. We will not name the other alleged reasons, as they are unimportant, and so conceded by counsel representing the parties. The court sustained the exception above stated, and overruled all the others. Hence this appeal.

The two children named were five and seven years of age, and each of them was made a defendant to the petition. It was alleged in the petition that their

father was dead; that appellant was their mother and
guardian; that they lived with her, and that she had
charge of them. The petition was verified. See sec-
tion 52, Civil Code of Practice, as amended by Act
1882 (Acts 1881-82, p. 11, c. 56). The petition, as
verified, presented a case making it the duty of the
clerk of the court to appoint a guardian ad litem for
these infant children upon whom to serve the sum-
mons. The clerk appointed S. G. Fulton guardian ad
litem for them, but, instead of issuing the summons
in the form required before the amendment, he issued
one commanding the sheriff of Nelson county to sum-
mon "S. G. Fulton, guardian ad litem for James H.
Cornell and William B. Cornell, to answer in ten
days after the service of the summons a petition in
equity," etc.; continuing in the usual form. The
objection made to this summons is that it was not
issued in form against the two infants, commanding
them to answer within 10 days, etc.; that in the form
issued it amounted to no summons at all, and there-
fore the court had no power or right to adjudge a
sale of the infants' lands.

Prior to the year 1882, at which time the Code was
amended, this would have been necessary, for then
the Code required the service of the summons on the
children, regardless of their age, but since then it is
not required to serve the summons on the children
when they are under 14 years of age. The General
Assembly at that time recognized the utter helpless-
ness and inability of a child under that age to reason
and look after its own interest; that it was a waste
of money to require summonses and copies to be
issued and served upon them; therefore it required
that when those named in section 52 of the Civil Code
of Practice, who might be served with summons for

the infants, were all plaintiffs, then the clerk should appoint a person to represent the infants, and upon whom summons might be served for them.

In our opinion, the act of the clerk in this case, under the provision of the Code referred to, in the appointment of S. G. Fulton as guardian ad litem for the children, operated to make him, for the purpose named, a defendant to the action to represent the interest of these infants. The form of the summons issued by the clerk was an improvement on the old form, or the one claimed by appellees. The summons as issued, on the face of it, gave the sheriff informa· tion of his lawful duty. Under the old form he would have had to make inquiry on the outside to ascertain whether the children had a father, mother, guardian, or a personal representative on whom he might serve the process. We are therefore of the opinion that the court erred in setting aside the sale for the reason stated.

We are compelled, however, to affirm the judgment of the lower court, because the bond required by section 493 of the Civil Code of Practice was not executed to the infants before the sale was ordered. By subdivision 3 of section 493, it is provided that, if the bond be not given, any order of sale, and any sale or conveyance made under such order, shall be absolutely void and of no effect. The parties must have thought that this sale was governed by section 491 of the Civil Code of Practice, which provides for a sale of real estate in an equitable action by the owner of the particular estate, or freeholder in possession, against the owner of the reversion or remainder. The authority to sell infants' land in such cases as this is found in subsection 5 of section 489 of the Civil Code

Cornell v. Cornell.

of Practice. The infants in this case owned the vested estate in the lands sought to be sold.

The case of Hicks, etc., v. Jackson, etc., 68 S. W. 419, 24 Ky. Law Rep. 218, is one precisely like the case at bar. In that case the court said: "This proceeding must have been, as stated, under subsection 5 of section 489, for no other semblance of statutory authority for it is found, nor does it conform to the requirements of that section, and others that must be read in connection with it. The action is permitted by the statutory guardian only of the infants. He is compelled to execute the customary bond required of all guardians before acting. This bond may afford some protection to 'the infants against his unauthorized conduct, if any. The bond required by section 493 of the Civil Code to be executed by the guardian of each infant before the sale is ordered was not executed in this case, nor attempted to be. Subsection 3 of section 493 provides: 'If the bond be not given, any order of sale, and any sale or conveyance made under such order, shall be absolutely void and of no effect.' " See Malone v. Conn, 95 Ky. 93, 23 S. W. 677, 15 Ky. Law Rep. 421.

For these reasons, the judgment of the lower court is affirmed.