### Brown v. Allen's Guardian, et al.

(Decided May 11, 1917.)

## Appeal from Johnson Circuit Court.

1.  Process—Infants—Service.—Under Civil Code of Practice, section 52, declaring that if a defendant is under the age of fourteen years summons must be served on his father, or, if he have none, on his guardian, or, if none, on his mother, and, if he have no mother, on the person having charge of him; and if the party on whom service is directed is a plaintiff, then it should be served on the person who stands first in the order named in the section, who is not a plaintiff, and, if all are plaintiffs, it shall, on the affidavit of one or more of them, be the duty of the clerk to appoint a guardian ad litem on whom service may be served, it is not necessary to follow the prescribed order of service where the person directed to be served is a non-resident and cannot be reached by actual service of process.

2.  Process—Infants—Service.—Where, in a suit against infants by their statutory guardian to sell their real estate for their maintenance and education, it appears from the affidavit of the plaintiff that their father is a non-resident, their mother dead, and that their statutory guardian, who is in charge of them, is the plaintiff in the action, it is the duty of the clerk to appoint a guardian ad litem for the infants, and service of process on him will be sufficient to bring the infants before the court.

H. S. HOWES for appellant.

FOGG & KIRK and VAUGHAN & HOWES for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Joe B. Preston, the statutory guardian of Willie Fay Allen and Everett M. Allen, infants under the age of fourteen years, brought this suit against his wards to sell certain real estate for their maintenance and education. Proof was taken, and on submission the property described in the petition was ordered sold. E. M. Brown became the purchaser, and his exceptions to the sale being overruled and the sale confirmed, he appeals.

While the purchaser filed numerous exceptions to the report of sale, the only exception now relied on is that the infant defendants were not properly served with process.

Section 52 of the Civil Code is as follows:

"If the defendant be under the age of fourteen years the summons must be served on his father, or, if he have no father, on his guardian; or, if he have no guardian, on his mother; or, if he have no mother, on the person having charge of him.

"If any of the parties upon whom summons is directed to be served by this section is a plaintiff, then it shall be served on the person who stands first in the order named in said section, and who is not a plaintiff; and if all such persons are plaintiffs, it shall, on the affidavit of one or more of them showing that fact, be the duty of the clerk of the court to appoint a guardian *ad litem* for the infant, and the summons shall be served on such guardian."

The mother of the infants died several years before this suit was brought. Upon her death their father placed the infants in charge of their uncle, Joe B. Preston, and moved to Utah, where he now resides. Thereafter, Joe B. Preston qualified as statutory guardian of the infants, who are now living with him. These facts having been made to appear by the affidavit of the plaintiff, the clerk appointed a guardian *ad litem* for the infants, and summons was served on him. Since the infants were both under the age of fourteen years and their father was living and not a plaintiff, it is argued that, under the plain provision of the code, they could be brought before the court only by the service of a summons on their father. While it is true that the code, in prescribing the order of service, does not in terms provide for service on any other person where the next person in order is a non-resident of the state, we think it clear that the legislature did not intend to require the

impossible by providing for actual service on a person who could not be reached by such process. In our opinion, the order of service prescribed by the code should be followed only in the event that the next person on whom process might be served is not a plaintiff and is subject to the jurisdiction of the court. Therefore, where, as in this case, the father, on whom process would have to be served if he were living in the state, is, as a matter of fact, a non-resident and for that reason cannot be actually served with process, summons may be served on the next person in the order named in the code, provided he is not a plaintiff and is an actual resident of the state. Since the mother of the infants was dead and their father was a non-resident, and the person having charge of them was their statutory guardian, who was plaintiff in the action, and since these facts were made to appear by proper affidavit, it was the duty of the clerk to appoint a guardian *ad litem* for the infants, and the service of process on him was sufficient to bring the infants before the court.

Judgment affirmed.