## Townsend v. Tipton et al.

March 10, 1942.

Reid Prewitt for appellant.

C. F. Spencer for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

In October, 1934, a mortgagee and other creditors of Weedin L. Tipton, deceased, sued his widow, Weeda Tipton, his four children (under fourteen years of age) and the administrator, seeking a settlement of his estate and a sale of his land, consisting of 75 acres, for the payment of debts. In June, 1936, it was sold for $635, the sale confirmed and a deed executed by the court. Under permission of the court the purchaser paid the bond immediately and an order of distribution was entered. However, this was set aside because it was discovered by the purchaser that Tipton owned only a five-sixths interest in the property. All of the proceedings were rescinded and the purchase money ordered refunded.

In March, 1937, a judgment was rendered for the sale of the five-sixths interest of the decedent and the land was sold to Weeda Daniel (who later married Townsend) for $900. By authority of the court she paid the bond immediately. A deed was executed to her and the money distributed among the creditors, their attorneys and officers of the court, except $97.64, which is still held by the master commissioner. The day before the deed was approved and the money ordered distrib-

uted, a motion was filed in the name of the widow and the children to vacate the judgment because they were not properly before the court. The motion was not passed upon.

Not long afterward the widow, for herself and as next friend of her children, filed suit against the purchaser, the sheriff, and the mortgagee, to enjoin the execution of a writ of possession. They also asked for homestead. The circuit court overruled the motion for a temporary injunction, but on February 16, 1938, a Judge of the Court of Appeals, with all members concurring, directed the issuance of a temporary injunction, expressing the opinion in the order that the judgment in the creditors' suit and the writ of possession were void because the infants were not before the court.

The reason was that the summons was issued for a guardian ad litem and served on him instead of being for the infants and served on their mother. Section 52 of the Civil Code of Practice provides that if the defendant is under the age of 14 years, the summons must be served on his mother if he does not have a father or guardian and the mother is not a plaintiff or does not occupy an adverse position. And Section 38 provides that no guardian ad litem shall be appointed until the infant defendant or a person is summoned for him as authorized by Section 52. The status of these children was not such as authorized the appointment of a guardian ad litem for service of process, as is provided in paragraph 2, of Section 52, of the Code. The answer by the guardian ad litem was a nullity and the judgment was void. Judicial Sales of Real Property, Rodes, page 36, et seq.; Carney v. Yocum's Heirs, 176 Ky. 173, 195 S. W. 482; Holloway v. Brown, 181 Ky. 716, 205 S. W. 925; Cain v. Hall, 211 Ky. 817, 278 S. W. 152; First State Bank v. Thacker's Adm'x, 215 Ky. 186, 284 S. W. 1020; Walker v. Perkins, 256 Ky. 442, 76 S. W. (2d) 251.

Subsequently, in November, 1938, the injunction stopping dispossession of the family was made permanent by the circuit court. But no order was entered vacating the judgment and proceedings. Meanwhile, a pleading had been filed in the creditors' suit by the widow for herself and children claiming homestead or dower. The purchaser also filed a pleading in that suit asking that the sale be vacated and that she be refunded the money she had paid or be subrogated to the rights

of the creditors. A motion to the same effect was also filed by her. During the interim the purchaser, since she had received nothing for her money except a lawsuit, sought relief in an independent suit against the widow and children and the parties who had received the purchase money under the order of distribution. She prayed judgment (1) against the recipients of the money, or (2) that she be subrogated to their rights and for a sale of the land for reimbursement, or (3) that she be given a lien on the land to secure her right to a refund of $900.

The widow and guardian ad litem filed answer to the suit of the purchaser denying material allegations and alleging affirmatively that the purchaser was estopped to claim subrogation because she was a volunteer, since she had voluntarily procured the order permitting her to pay the bond prematurely and had voluntarily paid it. They also pleaded that the infants were not parties to that original suit as they were not before the court, and estoppel against the purchaser because she had sought to obtain possession of the property and had objected to having the judgment of sale declared void. There were some other grounds which also seem irrelevant or immaterial. A reply joined issue. Two more motions were filed by the purchaser in the consolidated actions that the original judgment be vacated. Demurrers, both general and special, had been filed to every pleading. Apparently considering the entire case on the consolidated record, the court overruled the several motions to set aside the original judgment as void and sustained the demurrer to the purchaser's petition as amended, and dismissed the same. The purchaser has prayed an appeal in this court from that judgment.

A motion has been filed by the guardian ad litem and widow to dismiss the appeal as to them, since they were not properly summoned on the appeal. The point is well made for the infants and the appeal is dismissed as to them. It is overruled as to the widow. The appeal may be considered against her and those who received the purchase money.

We are at a loss to understand why the court refused to vacate and set aside the original judgment in the creditors' suit, for its invalidity is manifest, as the members of this court had already declared.

Purchasers at judicial sales are and should be encouraged. Where one has become a purchaser and paid for the property he should be protected if the sale be declared void, particularly if the party receiving the money was instrumental in causing that result. If the purchaser in good faith has paid his money for its proper application and distribution and he fails through no fault of his own to obtain title, equity demands that he be made whole by being restored as nearly as possible without injury to the same situation he would have occupied had there been no sale. 10 R. C. L. 1343; 16 R. C. L. 103. This can be done only by rescinding everything that has been done. Obviously, complete rescission cannot be accomplished without returning an innocent purchaser's money. Limiting his relief to subrogation may be inadequate or produce great delay. George Hogg & Son v. Budnick, 227 Ky. 602, 13 S. W. (2d) 756. Restitution was ordered in Forst v. Davis, 101 Ky. 343, 41 S. W. 27. And in Hall v. Dineen, 83 S. W. 120, 26 Ky. Law Rep. 1017, in addition to the recovery of money paid and interest, the purchaser was held entitled to taxes paid and the cost of improvements of the property and to a lien for security.

If conditions are such that the purchaser cannot recover the money directly from those who received it, he is entitled to be subrogated to the rights of the creditors who have received the proceeds of the sale. This includes their liens. 10 R. C. L. 1343; 16 R. C. L. 105; 25 R. C. L. 1356; 31 Am. Jur., Subrogation, Section 246; McGhee v. Ellis, 14 Ky. 244, 4 Litt. 244, 14 Am. Dec. 124; Geoghegan v. Ditto, 59 Ky. 433, 2 Metc. 433, 74 Am. Dec. 413; Hall v. Wright, 137 Ky. 39, 127 S. W. 516; Id., 138 Ky. 71, 127 S. W. 516, Ann. Cas. 1912A, 1255; Combs v. Deaton, 199 Ky. 477, 251 S. W. 638.

It is true that as a general rule the doctrine of caveat emptor applies to judicial sales after confirmation and the passing of title. But there is a radical difference where the judgment is merely erroneous and where the judgment is void. In the former case a bona fide purchaser acquires good title. In the latter he acquires no title. Judicial Sales of Real Property, Rodes, page 180. Where there is an entire failure of title and the judgment is declared void the purchaser gets nothing and is entitled to relief. This is especially so where, as here, the officers of the court and the parties and their

attorneys who received the money were responsible for the result. Cf. Humphrey's Ex'r v. Wade, 84 Ky. 391, 1 S. W. 648.

Equity and justice require that the purchaser be given judgment against the parties receiving the money. Being parties to the original suit they may be ordered to return the money. If for any reason recovery cannot be had, then the purchaser is entitled to a judgment giving her the right of subrogation.

The judgment is reversed with directions to enter judgment consistent with this opinion.