# Rosenberg v. Bricken et al.

April 19, 1946.

Stoll, Muir, Townsend, Park & Mohney for appellant.

Troy D. Savage and Paul H. Mansfield for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The question. Is it absolutely essential that process be served on the guardian ad litem appointed for in-

fant defendants for the purpose of service, or may the guardian ad litem waive the service and enter his appearance, thereby bringing the infant defendants before the court?

This action was brought under the declaratory judgment act for the purpose of testing the validity of the appeal and the verdict setting aside the will of Sallie Letcher Bricken in a former action insofar as the infants are concerned; for a construction of the will of Sallie Letcher Bricken and for a ruling that the appellant, Phillip Rosenberg, must comply with his contract of purchase.

The property involved in this action was owned by Sallie Letcher Bricken who died in 1929. She left a will by the terms of which she undertook to devise her property to her children for life with certain remainders over to the children of the life tenant. An appeal was taken from the order of probate and the infant remaindermen were made parties to the appeal. The infants were under 14 years of age and were living with their parents. The parents were all parties plaintiff to the action. A guardian ad litem for the service of summons was duly appointed but summons was never served on him. However, he did file an answer on behalf of the infants; appeared at the taking of the depositions and represented the infant defendants in the appeal case. A trial was had and the jury returned a verdict setting aside the will.

In 1945 the heirs of Sallie Letcher Bricken entered into a written contract to sell a portion of the real estate which they had inherited from their mother. The appellant, Phillip Rosenberg, was the purchaser of this real estate. He refused to accept title to the property because, in his opinion, the infant defendants in the appeal case above were not properly before the court. Whereupon, this action was brought under the declaratory judgment act, wherein the court adjudged that the procedure followed in the appealed action of probate was sufficient to bring the infant defendants therein before the court; adjudged that the named infant defendants in this action were divested and cut off from any and all interest in the property of Sallie Letcher Bricken through or under her will, and further ordered and directed the defendant, Phillip Rosenberg, to perform

the contract of sale for the real property mentioned and described in the plaintiffs' petition. This appeal results.

Appellant takes the position that these infants were never brought before the court in the appeal case, and, consequently, the judgment in the appeal case setting aside the will of Sallie Letcher Bricken was not binding on them and that they still have an interest in the property under the terms of her will.

The infants herein being under 14 years of age, and all of the persons enumerated under subdivision 1 of section 52 of the Civil Code of Practice being parties plaintiff, we must look to subdivision 2 for the procedure necessary to bring the infants before the court. Subdivision 2 provides:

"* * * If all such persons are plaintiffs, it shall, on the affidavit of one or more of them showing that fact, be the duty of the clerk of the court to appoint a guardian ad litem for the infant, and the summons shall be served on such guardian."

If there be confusion, it results from a failure to differentiate between the method of procedure under the two subdivisions and the object and purpose of a guardian ad litem under the two subdivisions. Generally, a guardian ad litem is a special guardian appointed by the court in behalf of an infant to prosecute or defend a suit to which the infant is a party, his office being to represent the interest of the infant in the particular litigation. Louisville & N. R. Co. v. Hooker, 266 Ky. 257, 98 S. W. 2d 922.

Under subdivision 1, it is essential that the infant be brought before the court before the appointment of a guardian ad litem, and, under 2, proceeding up to the point where all such persons are plaintiffs, if there remain any of the parties under 1 upon whom summons is directed to be served, the infants must be brought before the court by the service of process before the appointment of a guardian ad litem. In the above instances, before the appointment of a guardian ad litem for an infant defendant, there should be such service of process on the infant as is necessary to bring him within the jurisdiction of the court. See Herr v. Humphrey, Judge, 277 Ky. 421, 126 S. W. 2d 809, 121 A. L. R. 954; Rachford v. Rachford, 224 Ky. 831, 7 S. W. 2d 234.

But where all of the persons, as provided under subdivision 1, are plaintiffs, then a guardian ad litem shall be appointed for the infants for the purpose of service of process. It is true a guardian ad litem appointed under this section is such not only for service of process but throughout the action. See Swift Coal & Timber Co. v. Cornett, 215 Ky. 270, 284 S. W. 1072; Grooms et al. v. Grooms et al., 225 Ky. 228, 7 S. W. 2d 863.

In Brown v. Allen's Guardian et al., 175 Ky. 570, 194 S. W. 801, 802, in dealing with subdivision 2 of section 52 of the Civil Code of Practice, this court said:

"Since the mother of the infants was dead and their father was a nonresident, and the person having charge of them was their statutory guardian, who was plaintiff in the action, and since these facts were made to appear by proper affidavit, it was the duty of the clerk to appoint a guardian ad litem for the infants, and the service of process on him was sufficient to bring the infants before the court."

We call attention to the statement "and the service of process on him was sufficient to bring the infants before the court." There is no requirement that any personal service or other service be served on the infants, but alone the service of process on the guardian ad litem appointed for the purpose of service of process, was sufficient to bring the infants before the court.

In the instant case we are now confronted with the proposition of a guardian ad litem, who, as far as this record discloses, was properly appointed as such for the purpose of service of process, filing an answer on behalf of the infants, appearing at the taking of the depositions and representing the infants in the litigation, all in the absence of service of summons on him.

The appellant takes the position that the service of summons was necessary. The appellees take the position that the appearance of a guardian ad litem brought the infants before the court. There can be no contention but that the object or purpose of a service of process is to notify of the proceeding, thereby affording an opportunity to appear before and be heard by the court. It must be admitted that mere knowledge of the pendency of an action is not sufficient to give the court jurisdiction, and, in the absence of an appearance, there

must be a service of process. In 42 Am. Jur., Process, Section 4, it is stated:

"The constitutional guaranty of due process of law means notice and opportunity to be heard and to defend before a competent tribunal vested with jurisdiction of the subject matter of the cause, and it is essential therefore to the exercise of that jurisdiction, where the defendant does not enter a voluntary general appearance or otherwise waive service of process, that process issue giving notice to those whose rights and interests will be affected. In the absence of a voluntary appearance, the issuance and service of process or notice is indispensable to the jurisdiction of a court to determine the adverse claims of parties to the litigation. Until notice is given to the defendant of the action or proceedings against him, and he is given thereby opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment against him even though the court may have jurisdiction of the subject matter."

In the instant case all that was necessary to bring the infants before the court was service of summons upon the guardian ad litem, which is nothing less than the means of notifying him that he had been duly appointed guardian ad litem for the purpose of service upon him as such, and of the pendency of the action in order that he might properly prepare himself as such guardian ad litem to answer and to proceed to represent the interest of the infants. Had the action proceeded to judgment without notice, then there would be no question of the invalidity of the procedure. Undeniably, there was some sort of notice. The guardian ad litem undoubtedly was apprised of the pendency of the action. He appeared and filed answer. He was present at the taking of depositions. He represented the infants in the litigation and could have done no more by notice under service of summons and return thereon.

There could or would be no contention herein if the arbitrary form of notice, which is summons, had been served upon the guardian ad litem, and pursuant to that service he had answered and defended in the action. But here, pursuant to knowledge of his appointment, he voluntarily answered and defended in the action and did all that he would have been required to do, pursuant to the arbitrary form of notice. To require an arbitrary

form of notice upon a guardian ad litem, appointed as such for the purpose of service, in order to notify him of his appointment and afford him the opportunity to do what he had already done, pursuant to other notice, would be a vain, useless and inane requirement. We conclude therefore, that where a guardian ad litem is properly appointed for the purpose of service, pursuant to subdivision 2 of section 52 of the Civil Code of Practice, his appearance in the action brings the infants before the court.

The above conclusion obviates a discussion of the matter of the construction of the will of Sallie Letcher Bricken. It is likewise unnecessary to discuss the matter of requiring the appellant to comply with his contract since in brief he states that he is desirous of purchasing the property.

Wherefore, the judgment of the lower court is affirmed.