## Proctor et al. v. Mitchell et al.

April 26, 1946.

Harvey T. Lisle and Jouett & Metcalf for appellants.

S. T. Davis for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This declaratory judgment action was brought by appellants to have the chancellor adjudge the title to a house and lot in Winchester to be good and merchantable and to compel appellees to comply with their contract to purchase it. A general demurrer was sustained to the petition and when appellants declined to plead further the petition was dismissed and they appealed.

The property was formerly owned by three Garrard sisters, all of whom were adults. One sister, Mary, was mentally incompetent and the Winchester Bank, as her committee, brought an action in the Clark Circuit Court under section 8 of the Act of 1942, which amended sec. 489 of the Civil Code of Practice (Acts of 1942, Chapte 137, p. 603, which was repealed by Chapter 20, p. 39, Acts of 1944) against the other two sisters and their husbands to have the chancellor approve a private sale of the property for $9,400.

Judgment was entered approving the sale and by mesne conveyances appellants became the owners of the property. Subsequently they entered into a contract to sell it to appellees for $11,000 cash and the conveyance to them by the purchasers of a valuable piece of real estate also located in Winchester. But appellees refused to accept a deed to the property on the ground that the title was defective due to the fact that in the original action the incompetent, Mary, was not served with summons and the only service had in that suit was on the guardian ad litem appointed for Mary, which contravened section 38 of the Civil Code of Practice.

These facts were all pleaded in the present action and the petition, the order appointing the guardian ad litem, the answer and the judgment in the original action were filed as exhibits herein. The sole question raised by the demurrer to the petition is whether in an action brought under sec. 8 of the 1942 amendment to sec. 489

of the Code it is necessary to bring the incompetent person before the court, or whether service upon the guardian of the incompetent is sufficient. The applicable part of sec. 8 of the 1942 amendment reads:

"The guardian of an infant or the committee of a person of unsound mind may sell privately and convey any interest in real estate owned by a ward for such reasons and purposes and upon such terms and conditions as he shall deem best for the interest of said ward. Provided, however, that no such sale shall be consummated until same shall have been approved by the judge of the circuit court in the county where the land or a portion thereof is situated in a suit in equity filed by the guardian or committee against said infant or person of unsound mind. The petition shall set forth the reasons and purposes of the sale, and the terms thereof.

"A guardian ad litem shall be appointed for the infant or person of unsound mind. Proof shall be taken only on notice to said guardian ad litem. It may be taken by depositions or orally before the chancellor and thereafter transcribed and filed in the record of the case. The guardian ad litem shall make a defense or file a report stating that after careful examination of the case he is unable to make a defense."

It is earnestly argued by appellants that under the 1942 amendment it is not necessary to serve the incompetent with summons because the amendment expressly repealed subsec. 2 of sec. 53 of the Civil Code of Practice (providing how summons is served on one of unsound mind in a suit brought by a committee under sec. 489); and because in sec. 2 of the amendment it is provided: "It shall not be necessary for the person under disability to be made a party personally."

Evidently appellants lose sight of the fact that sec. 2 of the amendment relates to decretal sales, while sec. 8 thereof relates to an entirely different character of sale, to-wit, a private sale in which the committee must obtain the approval of the chancellor. In decretal sales the committee unites with and represents his ward as he had the power to do under sec. 490 and it is not necessary to make the ward a defendant. The chancellor, in decretal sales, has entire control over the whole litigation up to and through the confirmation of the sale. But sec. 8 of the amendment provides the only method

by which a private sale may be had of the incompetent's property of the value of $1,000 and this section says a guardian ad litem must be appointed and does not provide for the committee to unite with his ward. The apparent conflict between sections 2 and 8 of the 1942 amendment is brought about by the fact that the General Assembly lifted KS sec. 2150a practically bodily from the Statutes and incorporated it in sec. 489 of the Code which previously related only to decretal sales.

The petition in the instant declaratory judgment action avers no summons had been issued in the original action when the guardian ad litem was appointed for the incompetent, Mary, but that subsequently summons issued and was served upon the guardian ad litem, and the other defendants filed answer entering their appearance. Section 38 of the Civil Code of Practice provides that no appointment of a guardian ad litem shall be made unless the defendant is summoned, or until a person is summoned for him as is authorized by sec. 52 of the Civil Code of Practice. We have written many times that if jurisdiction is not acquired over a person under disability as prescribed by statute, he is not affected by the judgment, and where the incompetent was not served with process before the appointment of the guardian ad litem as required by sec. 38, the answer of the guardian ad litem does not prevent the judgment from being void as to the incompetent. Holloway v. Brown, 118 Ky. 716, 205 S. W. 925; Walker v. Perkins, 256 Ky. 442, 76 S. W. 2d 251; Townsend v. Tipton, 289 Ky. 766, 160 S. W. 2d 161, 142 A. L. R. 306, and the many authorities cited in these cases.

Appellees cite a number of authorities such as Cornell v. Cornell, 131 Ky. 650, 115 S. W. 795; Cheatham v. Whitman, 86 Ky. 614, 6 S. W. 595; Webb v. Webb, 190 Ky. 574, 228 S. W. 13. But they are to the effect that the purpose of a summons is to give notice and that where the representative of the person under disability is a party and is named in the body of the summons, service upon the representative alone brings the one under disability before the court, hence they are not applicable.

Appellants also rely upon Ellis v. Smith's Guardian, 147 Ky. 99, 143 S. W. 776, which holds that a guardian may bring an action under sec. 490, Civil Code of Prac-

tice, for his ward for the sale of jointly owned property without making the ward a defendant. As the Ellis case was brought under a different section from the instant one and as here the ward was made a party defendant, it is evident that the Ellis opinion is not controlling.

Lastly, appellants seek to invoke sec. 9 of the 1942 amendment to prevent the original judgment from being declared void as to the incompetent. Section 9 reads: "No defect or error in the proceeding shall render the judgment or sale void unless the same is of the nature and character that would render the proceeding void if all parties were sui juris."

It cannot be denied that a judgment is void when rendered against a person not before the court and it is immaterial whether that person be sui juris or under disability. Section 9 was intended to correct irregularities in proceedings and to make ineffective certain of our opinions such as Soper v. Foster, 244 Ky. 658, 51 S. W. 2d 927, and Jones v. Keen, 289 Ky. 779, 160 S. W. 2d 164, holding that any substantial departure from the procedure outlined in the statute as to the sale of real estate of a person under disability renders the judgment void. But it was not the intent of sec. 9 to say that a court could render a valid judgment selling an incompetent's real estate without bringing the incompetent before the court in the manner provided by statute.

Nothing written herein is in conflict with Rosenberg v. Bricken, 302 Ky. 124, 194 S. W. 2d 60, which held that when a guardian ad litem was appointed upon whom service is had for infants under 14 years of age, as provided in sec. 52, subsec. 2 of the Civil Code of Practice, such guardian ad litem may enter the appearance of the infants by answer although he was not actually served with summons. The difference between this case and that one is apparent. In the Rosenberg case the guardian ad litem was duly appointed for the very purpose of service and when he answered for the infants without actually being served for them, he must have had the same notice of the action that a service of summons on him would have given, and his answer was as effective in bringing the infants before the court as if he had been served for them and subsequently answered. In the instant case the appointment of the guardian ad litem was in conflict with sec. 38 of the Civil Code of

Practice, nor is there any Code provision authorizing the bringing of an incompetent before the court by service upon the guardian ad litem (as is provided in sec. 52, subsec. 2, relative to infants under 14), hence the guardian of an incompetent who has not been served is without authority to enter the appearance of his ward by answer.

The judgment is affirmed.