Nelson T. SPARKS, Guardian Ad Litem for Opal Boggs, an Incompetent, Appellant,

v.

Janis H. BOGGS, Guardian for Opal Boggs and James E. Boggs, Executor for the Estate of Delbert Boggs, Deceased, Appellees.

No. 91–CA–879–S.

Court of Appeals of Kentucky.

Nov. 13, 1992.

Nelson T. Sparks, Louisa, for appellant.

W. Morris Kennedy, Jr., C.F. See, III, Louisa, for appellees.

Before LESTER, C.J., and HAYES and JOHNSON, JJ.

JOHNSON, Judge.

This is an appeal from an Order dismissing a Petition for Declaration of Rights filed in Lawrence Circuit Court. We agree with the trial court that appellant, Nelson T. Sparks, Guardian Ad Litem for Opal Boggs, an Incompetent, is without legal authority to maintain this separate action on behalf of Opal Boggs in his capacity as her Guardian Ad Litem, and accordingly, affirm the trial court.

Delbert Boggs, Sr. died testate on July 31, 1989, leaving as among his heirs at law his wife, Opal Boggs, and two sons, James E. Boggs and Janis H. Boggs.[1] The will left the entire estate to James. On August 18, 1989, the Lawrence District Court appointed James executor of the estate. On November 16, 1989, Lawrence District Court entered a judgment declaring Opal to be incompetent, and Janis was appointed as her Guardian. Appellant, Nelson T. Sparks, a practicing attorney in Lawrence County, was appointed Special Guardian Ad Litem on or about March 1, 1990, in the incompetency action in Lawrence District Court. On April 3, 1990, appellant as Guardian Ad Litem for Opal filed on her behalf a renunciation of the will of Delbert Boggs. On April 3, 1990, appellant also filed a Petition for Declaration of Rights in Lawrence Circuit Court naming Janis and James as defendants and asking the Court to enter a declaratory judgment on the following issues:

(a) Was the aforesaid renunciation timely filed and is it otherwise valid?

(b) Has the running of the six (6) month period in which a widow may renounce a will pursuant to KRS 392.080 been tolled by the circumstances of this action so that a renunciation may still be filed?

(c) Was Defendant Janis H. Boggs, as guardian for Opal Boggs, under a fiduciary duty to Opal Boggs to either renounce the will of Delbert Boggs, Sr. or to seek a ruling by the Court as to whether or not such a renunciation was in the best interests of Opal Boggs?

(d) Was it in fact in the best interests of Opal Boggs to renounce the will of Delbert Boggs?

(e) Has Janis H. Boggs breached his duty as guardian for Opal Boggs and should he be relieved of his duties as guardian?

(f) Who should bear the costs of this action?

Janis filed a Motion to Dismiss the Petition, and the trial court sustained this motion by Order entered March 15, 1991. This appeal followed.

The only issue on appeal is whether a guardian ad litem has legal authority to

---

1. The record is unclear as to whether there were other heirs at law, but it is immaterial for the purposes of this appeal.

bring suit on behalf of his ward. Appellant relied on KRS 418.045 that provides that (a)ny person ... who as fiduciary ... is interested in any estate, provided always that an actual controversy exists with respect thereto, may apply for and secure a declaration of his right or duties, even though no consequential or other relief be asked.

Further, appellant cites *Black v. Wiedeman*, 254 S.W.2d 344, 346 (1953), for authority that a guardian ad litem is "both a fiduciary and lawyer" of his ward. Appellant contends that there are no Kentucky cases on the issue of whether a guardian ad litem may act as a plaintiff. But, he relies on *Rosenberg v. Bricken*, 302 Ky. 124, 194 S.W.2d 60 (1946), for the statement that "a guardian ad litem is a special guardian appointed by the Court in behalf of an infant to prosecute or defend a suit to which the infant is a party ..."

On the other side, appellee points out that KRS 387.305 authorizing the appointment of a guardian ad litem and setting forth his duties nowhere indicates that a guardian ad litem has the legal authority to maintain a separate action as a plaintiff on behalf of the ward. Further, CR 17.03(1) provides that "[a]ctions involving unmarried infants or persons of unsound mind shall be brought by the party's guardian or committee, but if there is none, or such guardian or committee is unwilling or unable to act, a next friend may bring the action." Meanwhile, CR 17.03(2) provides for the appointment of a guardian ad litem to defend an action on behalf of an incompetent if necessary. Also, KRS 453.060 provides that a guardian ad litem's fee is to be paid by the plaintiff and taxed as costs, while KRS 387.300 provides that a guardian or a next friend who brings or prosecutes an action for a person under disability is liable for costs which accrue during his conduct of the action.

In *Cabinet For Human Resources v. S.R.J.*, Ky.App., 706 S.W.2d 431 (1986), this Court disallowed the recovery by the guardian ad litem of any expenses incurred by her which were related to the preparation of future negligence actions against the Cabinet on behalf of the ward citing "the limitations of the role of the guardian ad litem." This Court indicated that any such future action would have to be brought by a next friend. This Court in *Jones By and Through Jones v. Cowan*, Ky.App., 729 S.W.2d 188 (1987), distinguished the roles of a next friend and a guardian ad litem by citing CR 17.03 and stating "[t]he only difference between the two is that a next friend promulgates the child's interests by suing and the guardian ad litem defends the minor's interest in a lawsuit."

We hold that based on the statutes, civil rules and case law cited herein that the duties of a guardian ad litem appointed in an incompetency proceeding in district court do not include the bringing of a declaratory judgment lawsuit in circuit court on behalf of the ward. Any such action must be brought by a next friend. Accordingly, we affirm the trial court.

All concur.