TAYLOR, JUDGE:
Dustin Thurman, pro se , appeals from a November 22, 2017, domestic violence order *885 issued by the Campbell Circuit Court, Family Court Division. We vacate and remand because the record does not reflect that Dustin was properly served with a summons and notice of the November 22, 2017, hearing date.
On October 30, 2017, Jennifer Thurman filed a petition for a domestic violence order (DVO) alleging Dustin pushed her to the ground while she held their minor child. That same date, the family court found that Jennifer's petition "[f]ails to state an act or threat of domestic violence" and, in lieu of issuing an emergency protective order, issued a summons for Dustin to appear at a domestic violence hearing on November 9, 2017.[1] Dustin was not present at the November 9 hearing. At the hearing, Jennifer's counsel and the court readily agreed that Dustin had not been properly served with a summons to appear. Jennifer's counsel asked the court for a copy of "something" to serve on Dustin later that evening when the parties would exchange their child for parenting time, to which the court agreed. The matter was re-set for a hearing on November 22, 2017.
Dustin did not appear on November 22. Immediately after the case was called, Jennifer's counsel stated on the record that Dustin had been served, though she offered no documentary evidence to support that assertion. The court noted on the record there was no proof of service in the court's file for the November 22 hearing. Indeed, the only successful return of service in the record shows Dustin was belatedly served with a summons to appear for the November 9 hearing after that hearing was continued to November 22.
Despite the lack of proof of service in the record, the court proceeded to conduct an evidentiary hearing on Jennifer's petition for a DVO on November 22 in Dustin's absence. Jennifer first testified that Dustin had recently told her he was aware of the rescheduled hearing but did not plan to attend. She then related the factual allegations underlying her DVO petition, along with additional allegations not contained therein. After Jennifer testified, the court summarily stated that Dustin properly had been served (without explaining how it reached that conclusion) and issued the DVO, which bars Dustin from having contact with Jennifer, except as necessary to exchange their child, for three years. The court made no substantive written findings to support its conclusion that Dustin had committed domestic violence upon Jennifer and/or their child. This appeal followed.
Kentucky Revised Statutes (KRS) 403.730 outlines the procedures which occur when a petition for an order of protection is filed. In relevant part, the statute provides as follows:
(1) (a) The court shall review a petition for an order of protection immediately upon its filing. If the review indicates that domestic violence and abuse exists, the court shall summons the parties to an evidentiary hearing not more than fourteen (14) days in the future. If the review indicates that such a basis does not exist, the court may consider an amended petition or dismiss the petition without prejudice.
(b) Service of the summons and hearing order under this subsection shall be made upon the adverse party personally and may be made in the manner and by the persons authorized to serve subpoenas under *886 Rule 45.03 of the Rules of Civil Procedure. A summons may be reissued if service has not been made on the adverse party by the fixed court date and time.
Kentucky Rules of Civil Procedure (CR) 45.03(1) provides, in relevant part, that "[p]roof of service shall be made by filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server."
Based upon our review of the record on appeal, there is nothing in the record showing that Dustin was properly served with a summons to appear at the November 22 hearing. The record contains a summons that was issued, directing Dustin to appear on November 22, but there is no return or proof that Dustin was ever served with it. To the contrary, the summons contains a written notation dated November 20, 2017, stating that three different attempts to serve it had been unsuccessful.[2]
Jennifer contends the summons was served on Dustin by mail at his last known address. However, KRS 403.730(1)(b) states that service of a summons in response to a DVO petition "shall be made upon the adverse party personally." Moreover, there is nothing in the record to support Jennifer's contention that the summons was mailed to Dustin (such as a certified mail receipt or clerk's notation). As noted, the aforementioned summons expressly states that three attempts were made to serve it personally upon Dustin without success.
Jennifer testified that Dustin had stated to her that he was aware of the hearing, and the family court seemingly believed that self-serving hearsay statement was sufficient. However, even if her statement were to fall within an exception to the hearsay rule, the testimony would only support a conclusion that Dustin knew of the November 22 hearing, not that he was properly served with a summons to appear on that date. Kentucky courts have consistently held that mere knowledge of the pendency of an action is not sufficient to give a court jurisdiction over a person. See Rosenberg v. Bricken , 302 Ky. 124, 194 S.W.2d 60, 62 (1946) ("It must be admitted that mere knowledge of the pendency of an action is not sufficient to give the court jurisdiction, and, in the absence of an appearance, there must be a service of process."); Miller v. McGinity , 234 S.W.3d 371, 376 (Ky. App. 2007) ("In the Commonwealth, the fact that a defendant has knowledge that a lawsuit is pending against him is not sufficient to give the court personal jurisdiction over him in the absence of a voluntary appearance by him or service of process to him.").
Instead, proper service of process is necessary for a court to obtain personal jurisdiction over a party.[3] The record on appeal does not establish that Dustin was properly served with a summons to appear for the November 22 hearing. Indeed, the court acknowledged the lack of proof of service at the beginning of the November 22 hearing. The court clearly erred as a matter of law by conducting the evidentiary hearing on Jennifer's petition *887 without proper service on Dustin. Therefore, the DVO issued by the court at the hearing must be vacated.
We express no opinion on whether Jennifer presented sufficient evidence to warrant the issuance of a DVO. After Dustin is properly served, the family court must conduct another hearing to address the merits of Jennifer's petition. We would note, however, that the family court must make written findings to support the issuance of the DVO. The DVO on appeal consists entirely of the court's checking a single box on AOC Form 275.3 indicating it found Dustin had committed domestic violence against Jennifer. The court made no additional written findings, either on the form itself or the accompanying docket sheet. A family court is obligated to make written findings of fact showing the rationale for its actions taken under KRS Chapter 403, including DVO cases, even if the rationale may be gleaned from the record. See, e.g., Keifer v. Keifer , 354 S.W.3d 123, 125-26 (Ky. 2011) ; Anderson v. Johnson , 350 S.W.3d 453, 458-59 (Ky. 2011).[4] A discussion of sufficient findings in a DVO case by the Kentucky Supreme Court is found in Pettingill v. Pettingill , 480 S.W.3d 920, 925 (Ky. 2015).
For the foregoing reasons, the November 22, 2017, DVO is vacated and this matter is remanded for further proceedings consistent with this opinion.
COMBS, JUDGE, CONCURS.
DIXON, JUDGE, CONCURS IN RESULT ONLY.

Presumably, the summons was issued to conduct a hearing on the allegations set forth in the Petition.

The return verifying no service was signed by Officer McKenna of the Campbell County Sheriff's Department.

For example, see Roberts v. Cardwell , 2006 WL 141617, at *2 (Ky. Jan. 19, 2006) (holding that "service of process is the fundamental prerequisite to establishing the personal jurisdiction of a court over a party; without personal jurisdiction, a court is without authority to conduct proceedings involving a party, regardless that it may have jurisdiction over the subject matter.") (internal quotation marks and citation omitted).

Though Anderson v. Johnson , 350 S.W.3d 453 (Ky. 2011) and Keifer v. Keifer , 354 S.W.3d 123 (Ky. 2011) involve child custody issues, their "mandate of written findings also applies to DVO cases." Boone v. Boone , 463 S.W.3d 767, 768 (Ky. App. 2015).