RENDERED: FEBRUARY 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0563-MR

DAVID JESSIE                                                          APPELLANT

APPEAL FROM CARTER CIRCUIT COURT
v.       HONORABLE JOHN F. VINCENT, SPECIAL JUDGE
ACTION NO. 18-CI-00376

FIRST NATIONAL BANK OF                                        APPELLEES
GRAYSON; COUNTY OF CARTER;
AND DEBORAH JESSIE[1]

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, MAZE, AND L. THOMPSON, JUDGES.

LAMBERT, JUDGE: David Jessie appeals from an order of the Carter Circuit

Court granting summary judgment and order of sale in favor of First National Bank

of Grayson ("First National") in the underlying foreclosure action. We affirm.

---

[1] The notice of appeal denotes Ms. Jessie's given name as "Deborah." We utilize in this Opinion the spelling in the record on appeal, "Debra."

Jessie executed a mortgage and note with First National on September 21, 2017, for the purchase of several parcels of real property in Carter County, Kentucky.[2] Jessie defaulted on the note, and First National filed a foreclosure action in Carter Circuit Court on December 6, 2018. Service of Jessie was first attempted, unsuccessfully, through certified mail. However, proof of service was returned showing Jessie was personally served on February 19, 2019.

On December 11, 2019, Jessie filed a motion requesting leave to file a special answer to the complaint, asserting that he had not been personally served. The unverified motion was not accompanied by an affidavit. In response, First National filed an affidavit from Cody McDavid, deputy sheriff at the Carter County Sheriff's Office, stating that he personally served Jessie on February 19, 2019, and that he signed the proof of service on the civil summons. On December 16, 2019, the circuit court entered an order allowing Jessie to file a late answer. He filed an answer on December 31, 2019.

In an order entered on January 2, 2020, the circuit court gave Jessie twenty days to file an affidavit setting forth the facts behind his contention that he was not served. Despite this order, the record before us indicates that Jessie's affidavit was not filed until June 3, 2020, and stated only that he was not

---

[2] Debra Jessie also signed the mortgage and note and was named as a co-defendant in the underlying complaint filed by First National. Default judgment was entered against Debra Jessie on December 16, 2019, and she did not appeal.

personally served with service and was not personally served with a copy of the complaint. In June 2020, a special judge was appointed. A hearing was held on October 23, 2020, and an order was subsequently entered that stated, in relevant part, the matter was to proceed and each party had thirty days to file motions for summary disposition.

First National filed a motion for summary judgment on November 17, 2020. Jessie did not file a response and the circuit court entered an order for summary judgment and order of sale on March 1, 2021. Jessie filed a motion to alter, amend, or vacate the order, arguing that the circuit court failed to make a finding that he had been served. The motion was summarily denied. This appeal followed.

Jessie's primary argument on appeal is that the circuit court failed to make a finding that he was personally served. He contends that, without personal service, the circuit court lacked jurisdiction to enter judgment against him. Jessie also argues that the circuit court erroneously entered default judgment against him, rather than summary judgment. For the reasons stated herein, we disagree.

The circuit court's determination that Jessie was properly before it is a finding of fact. Findings of fact shall not be set aside unless clearly erroneous. Kentucky Rule of Civil Procedure ("CR") 52.01. Findings are clearly erroneous

only where they are not supported by substantial evidence. *Ryan v. Collins*, 481 S.W.2d 85 (Ky. 1972).

We begin our analysis by noting that Jessie filed a designation of record pursuant to CR 75.01. Jessie specifically asked only for recordings of hearings held on October 23, 2020; December 11, 2020; and March 26, 2021. However, the record before us contains only a recording of the hearing on October 23, 2020. Jessie did not designate recordings of any hearings prior to October 23, 2020. As a result, no hearings related to his assertion that he was not served appear in the record before us. "It has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court." *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985).

Nevertheless, Jessie's contention that the circuit court did not make a finding regarding personal service is refuted by the record before us. On December 16, 2019, the circuit court entered a calendar order finding, in relevant part, that "service [of Jessie was] established with no evidence to the contrary." In the order entered on January 2, 2020, the circuit court ruled that it "rejects the assertion that [Jessie] is not properly before the Court," even though it allowed him to file an affidavit setting forth the facts of his assertion. After a special judge was

appointed and a hearing held, an order was entered on October 29, 2020, that

stated, in relevant part,

> [p]rior to the receipt of this file by the Court, the Judge of the Carter Circuit Court entered an Order on June 15, 2020[,] which indicated that the Court had determined that [Jessie] was properly before the Court. [The previous judge] had accepted the return of summons from former deputy Cody McDavid indicating a hand delivery to [Jessie]. She reviewed an Affidavit of Mr. McDavid indicating that the service had been completed. [Jessie] was granted leave to file an Answer in which he continued to assert a lack of personal jurisdiction. He filed an Affidavit indicating that he was not personally served. The reason for the service notifications in this matter is to provide an individual with the knowledge of the lawsuit and an opportunity to defend. [Jessie] has that opportunity to defend and has filed an Answer on his own behalf. The Motion for Default Judgment against [Jessie] cannot be sustained. However, based upon the prior Order of the Court and the file materials, this matter can properly proceed.

The circuit court clearly found that Jessie was properly before it and the matter

could proceed. Accordingly, Jessie's argument must fail.

The October 29, 2020 order also addresses Jessie's contention that the

circuit court erroneously entered a default judgment against him. The circuit court

found that default judgment was improper because Jessie had filed an answer and

gave the parties thirty days to file motions for summary disposition. First National

subsequently filed a "Renewed Motion for Summary Judgment and Order of Sale."

The order entered on March 1, 2021 was entitled "Order for Summary Judgment

and Order of Sale." However, the order does state, in relevant part, that First National "is awarded a Default Judgment In Rem[.]" A single typographical error does not change what the record shows was clearly a summary judgment into a default judgment, and Jessie's assertion to the contrary is without merit.

Finally, although Jessie's arguments to this Court center around what he argues was the circuit court's failure to make a finding regarding service, we nevertheless address any doubt that he was properly before the circuit court.

> [T]he object or purpose of a service of process is to notify of the proceeding, thereby affording *an opportunity to appear before and be heard by the court*. It must be admitted that mere knowledge of the pendency of an action is not sufficient to give the court jurisdiction, and, *in the absence of an appearance*, there must be a service of process.

*Rosenberg v. Bricken*, 302 Ky. 124, 194 S.W.2d 60, 62 (1946) (emphasis added). "In the Commonwealth, the fact that a defendant has knowledge that a lawsuit is pending against him is not sufficient to give the court personal jurisdiction over him in the absence of *a voluntary appearance* by him or service of process to him." *Miller v. McGinity*, 234 S.W.3d 371, 376 (Ky. App. 2007) (emphasis added).

Even if, for the sake of argument, we disregard the proof of service and affidavit from Deputy McDavid, the record before us shows that Jessie was properly before the circuit court. He filed an answer. He was represented at

hearings by counsel who argued on his behalf. When Jessie could not attend a hearing, he submitted proof from a hospital. He filed responses to various motions and was party to an agreed order entered on January 8, 2020.[3] During the single hearing that appears in the record before us, Jessie's counsel argued that one of the parcels had recently sold and, therefore, a large part of First National's lien should have been taken care of through that sale.[4] The record before us unambiguously demonstrates that Jessie had both notice and an opportunity to be heard. He was properly before the circuit court.

Accordingly, the judgment and order of sale entered by the Carter Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Brandon M. Music
Grayson, Kentucky

BRIEF FOR APPELLEE FIRST
NATIONAL BANK OF GRAYSON:

William H. Wilhoit
Grayson, Kentucky

---

[3] On December 30, 2019, First National filed a "Motion to Stop Logging on Secured Real Estate." Jessie filed a response the following day, and on January 8, 2020, an agreed order was entered to stop cutting and removal of timber on the subject real estate. On February 24, 2020, First National filed a "Motion for Order of Sale." Jessie filed a response in opposition on March 12, 2020 that did not raise the issue of service.

[4] At the hearing on October 23, 2020, Jessie also indicated his desire to work with First National to become current on the mortgages for the remaining parcels. First National was unreceptive to his offer.