**John S. BRAND, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 95–CA–002188–MR.

Court of Appeals of Kentucky.

Feb. 21, 1997.

---

Jerry Anderson, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Dina Abby Jones, J. Kirk Ogrosky, Assistant Attorneys General, Frankfort, for Appellee.

Before EMBERTON, MILLER and SCHRODER, JJ.

## OPINION

EMBERTON, Judge.

The appellant, John S. Brand, pleaded guilty to the charges of burglary in the third degree and two counts of harassing communications and was sentenced to four years in the penitentiary. He alleges that the trial court erred in overruling his motion for recusal based on the trial court's knowledge of the victim impact statements—which were stricken from the record—and in admitting the testimony of the victims during the sentencing phase.

Appellant had burglarized the home of his former wife, Jennifer Burton, and that of her boyfriend, Todd Wade. He also had made harassing phone calls to Wade and Burton. Pursuant to a plea agreement, one count of burglary was dismissed and appellant was sentenced to four years.

■ Prior to sentencing, the Commonwealth submitted to the court victim impact statements by Wade and Burton detailing their losses and the emotional impact of appellant's actions on their lives. The appellant objected to admission of the statements into the record and moved the trial judge to recuse herself alleging that her knowledge of the contents of the statements was prejudicial. The trial court sustained appellant's motion to strike the statements but denied the motion for recusal. However, at the sentencing hearing the trial court permitted Wade and Burton to testify regarding the emotional and financial impact of appellant's crimes.

■ We hold that the trial judge did not err in refusing to recuse herself. The burden of proof required to demonstrate that recusal of a trial judge is mandated is an onerous one. It must be shown that the trial judge is prejudiced to a degree that she cannot be impartial. *Johnson v. Ducobu,* Ky., 258 S.W.2d 509 (1953); *Woods v. Commonwealth,* Ky., 793 S.W.2d 809 (1990). Appellant's motion for recusal in this case is specious. First, the trial court excluded the evidence to which appellant objects. We believe such holding indicative not only of her impartiality, but that she did not consider the statements at the time of sentencing.[1] Addi-

---

1. Since appellant's motion was sustained, we will not decide the issue of whether the written

tionally, although the appellant claims that he was a candidate for a probated sentence, the sentence imposed was in accord with the Commonwealth's recommendation pursuant to the plea agreement.

■ Appellant argues that burglary in the third degree is a victimless crime, and therefore, Burton and Wade should not have been permitted to testify. Appellant's rather tenuous position rests on Ky.Rev.Stat. (KRS) 421.500 and its definition of "victim." The statute defines victim as an individual who suffers physical, financial, or emotional harm as a result of first and second-degree burglary, among other enumerated crimes, but does not mention third-degree burglary. The statute provides to these victims certain rights such as submitting victim impact statements, and the right to notification of court proceedings. KRS 421.510–530. We know of nothing that suggests the trial court is without discretion to allow those injured as a result of lesser crimes from testifying as to the impact of the crime on their lives; or for that matter from submitting impact statements. They simply are not afforded the right by statute.

victim impact statements were admissible at the sentencing hearing, though we are inclined to

This court is unwilling to label any crime committed to be victimless. Burglary, third degree, and harassing communications have victims which suffer emotional and financial harm. KRS 533.010 states the trial court is to consider "the nature and circumstances of the crime and the history, character, and condition of the defendant" prior to imposing sentence. The background of the defendant and the testimony of the victims are the most revealing evidence the trial court can consider when deciding the fate of a defendant. In this case, the trial court heard testimony from Wade and Burton that appellant threatened them with physical harm, demonstrated irrational behavior, and broke into their homes and destroyed property. We find no abuse of the trial court's discretion when it denied appellant probation.

The judgment of the Fayette Circuit Court is affirmed.

All concur.

■

say they are.