RENDERED: DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0092-MR

SIMEON MCKINNIE                                          APPELLANT


v.             APPEAL FROM FRANKLIN CIRCUIT COURT
              HONORABLE THOMAS D. WINGATE, JUDGE
              ACTION NO. 23-CI-00527


ZACHARY PARSONS;
COMMONWEALTH OF KENTUCKY;
COOKIE CREWS; AND
DAVID GREEN                                         APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND EASTON, JUDGES.

CETRULO, JUDGE: Simeon McKinnie ("McKinnie"), an inmate at the Eastern Kentucky Correctional Complex ("EKCC") appeals, *pro se*, from an order of the Franklin Circuit Court dismissing his petition for declaratory judgment pursuant to Kentucky Revised Statute ("KRS") 418.040. After review of the record, we affirm.

## BACKGROUND

The facts of this case are largely undisputed. On February 12, 2023, corrections officer Steven Wright ("Officer Wright") walked in an EKCC recreational field and observed an inmate handing two other inmates a bottle and bag containing an unknown liquid substance. McKinnie was one of the inmates who appeared to be on the receiving end of this exchange. As Officer Wright approached the inmates, they began pouring the liquid on the ground. Officer Wright retrieved the bottle and bag, and, under the supervision of another officer, tested the contents of the bottle and bag for alcohol. The unknown liquid tested positive for alcohol.

Sergeant Tyler Bailey conducted an investigation that resulted in charging McKinnie with possession *or* promoting of dangerous contraband in contravention of the Kentucky Corrections Policies and Procedures ("CPP"). On February 27, 2023, a disciplinary hearing regarding the matter took place. Zachary Parsons ("Officer Parsons") served as the adjustment officer at the hearing and found McKinnie guilty of the charge. In his report, Officer Parsons stated that his decision was based on his review of Officer Wright's written incident report, security reports that described the recovery and testing of the unknown liquid, photographic evidence of the positive alcohol test, and the chain of evidence form.

As a penalty, McKinnie received 30 days of disciplinary segregation, with 18 days suspended for a period of 180 days.

McKinnie challenged the hearing result by appealing to EKCC Warden David Green ("Warden Green"). McKinnie argued that the evidence did not establish that he ever possessed the alcoholic liquid. Warden Green reviewed the evidence and denied the appeal. Next, McKinnie, *pro se*, petitioned the circuit court, pursuant to KRS 418.040, for declaratory judgment dismissing the findings of the hearing. McKinnie named Officer Parsons, Warden Green, and Cookie Crews as Commissioner of the Kentucky Department of Corrections as defendants. The defendants filed a response/motion to dismiss, which the circuit court granted.

This appeal followed. Additional facts are added as necessary.

## ANALYSIS

McKinnie argues that EKCC[1] violated his constitutional right to due process because the guilty decision that resulted from his disciplinary hearing was made without any "reliable evidence" to suggest his guilt. According to McKinnie, the lack of reliable evidence violated his liberty interest in the processes

---

[1] On appeal, as the appellees, Officer Parsons, Warden Green, Commissioner Cookie Crews, and the Commonwealth of Kentucky, are representatives of EKCC, they shall be referred to collectively as "EKCC" unless specification is otherwise necessary.

established and required by the CPP.[2]  Conversely, EKCC asserts that there was sufficient evidence to support Officer Parsons's finding of guilt.  We agree with EKCC.

Inmates may petition for declaratory judgment pursuant to KRS 418.040 for "review of their disputes with the Corrections Department[,]" outside of the habeas corpus context.  *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997) (citation omitted).  "[Kentucky Rule of Civil Procedure] CR 12 motions to dismiss for failure to state a claim, and CR 56 motions for summary judgment are typical Corrections Department responses to inmate declaratory judgment petitions."  *Id.* at 355 n.1.  Although EKCC sought dismissal of McKinnie's suit under Rule 12 and the circuit court granted that dismissal, our review is more in keeping with the review of a grant of summary judgment.  The summary judgment standard of review affords the reviewing court "the most appropriate procedure and standards for addressing these petitions."  *Id*.

---

[2] Additionally, McKinnie asserted that this deprivation of rights caused him to lose his liberty interest in good-time days.  This argument lacks merit because the penalty section of the disciplinary hearing report definitively reflects that McKinnie did not actually lose any earned good-time.  Furthermore, any argument that he lost potentially earned meritorious good-time is fruitless because that good-time is awarded on a discretionary basis.  *See Marksberry v. Chandler*, 126 S.W.3d 747, 751-53 (Ky. App. 2003) ("[M]eritorious good-time is awarded only upon an affirmative decision and action by the Commissioner.  Under CPP 15.3 an inmate must be recommended for meritorious good-time and the Commissioner has discretion whether to make an award.").

In *O'Dea*, this Court adopted the reasoning of the Supreme Court of the United States that a "prison administration's profound interest in maintaining order [outweighs] the inmate's relatively minor interest in avoiding a portion of his sentence." 939 S.W.2d at 356-58 (citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). Thus, all that due process requires in prison disciplinary proceedings is "notice of the charges, a reasonable opportunity to be heard, and a brief written finding suitable for judicial review." *Id.*

Here, the record reflects that these minimal due process requirements were met. McKinnie was given advance written notice of the charges, an opportunity to present evidence in his defense, and a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. Thus, the only question we must answer is whether there was sufficient evidence for a finding of guilt.

The *O'Dea* Court also found that, under the United States Constitution and our Kentucky Constitution, "courts review [a] prison disciplinary committees' findings of fact by asking whether 'some evidence' appearing in the record supports the finding." *Id.* at 356. More recently, this Court stated:

> With respect to this standard, the United States Supreme Court said, "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could

> support the conclusion reached by the disciplinary board." [*Superintendent, Mass. Correctional Institution, Walpole v. Hill*] 472 U.S. [445] at 455-56, 105 S. Ct. [2768,] 2774 [86 L. Ed. 2d 356 (1986)].

*Wilson v. Haney*, 430 S.W.3d 254, 257 (Ky. App. 2014).

Here, McKinnie claims that the evidence used by Officer Parsons did not meet the *some evidence* standard. This Court has addressed similar situations in the recent past. In *O'Dea*, an inmate's daughters visited the prison, and one was caught concealing marijuana in her clothes. 939 S.W.2d at 355. Although he never possessed the marijuana, an adjustment committee found the inmate guilty of "complicity in the attempted introduction of contraband to the prison." *Id.* On review, this Court stated:

> We think the apparent attempt by [the inmate's] visitors to smuggle marijuana into the prison is sufficient evidence under the "some evidence" standard of review enunciated in *MCI v. Hill*, *supra*, to uphold the decision to sanction [the inmate]. Although the evidence of [the inmate's] involvement in the attempted smuggling is not compelling, the inference is reasonable that he, at some time, communicated to his daughters a willingness to receive such contraband. There is thus some evidence in the record to support the committee's decision, and so, under the federal standard of review, [the inmate's] sanction should be upheld.

*Id.* at 357.

Similarly, in *Haney*, an inmate had been sent a package containing Suboxone pills, but prison staff intercepted the package before he could receive it.

430 S.W.3d at 256. The inmate, like McKinnie, faced the charge of promoting dangerous contraband, among other offenses, and an adjustment officer found him guilty of the offense. *Id*. at 258. This Court affirmed a circuit court's decision and agreed "that none of the offenses [was] possessory offenses; the fact that [the inmate's] Suboxone pills were intercepted before [he] received them has no bearing on the offenses with which [he] was charged." *Id*. at 258.

Here, McKinnie does not challenge the fact that he was present during the events of February 12, 2023, nor the positive alcohol test results. He only argues that the evidence was not reliable enough for Officer Parsons to find **him** guilty of possession *or* promoting dangerous contraband. Since video footage revealed that McKinnie never touched the items that contained the alcoholic liquid, he argues that video footage should have outweighed the unreliable evidence listed in Officer Parsons's findings of fact. However, while evidence of possession would also support a finding of guilt, the offense Officer Parsons found McKinnie guilty of merely required promotion of dangerous contraband. *See id*. at 257-58.

When reviewing "[p]rocedural and evidentiary standards . . . in the prison disciplinary context[,]" we give a high degree of "judicial deference [] to prison disciplinary bodies[,]" and it is not our role to weigh the evidence relied upon by those disciplinary bodies. *See id*. Therefore, we will not consider the weight of the video footage as McKinnie urges us to do. The evidence that Officer

Parsons based his finding on (*i.e.*, Officer Wright's incident report, security reports that described the recovery and testing of the unknown liquid, photographic evidence of the positive alcohol test, and the chain of evidence form) meets the "some evidence" standard. Given the minimal amount of due process required and the low bar of the *some evidence* standard, we cannot agree with McKinnie. *See Haney*, 430 S.W.3d at 257-58; *see also O'Dea*, 939 S.W.2d at 357.

Finally, because McKinnie's claim that his liberty interest in the processes established and required by the CPP depended on his unreliable evidence argument, we need not address that argument any further. Accordingly, Officer Parsons based his finding of guilt on sufficient evidence, and McKinnie has not "raise[d] [any] specific, genuine issues of material fact sufficient to overcome the presumption of agency propriety, and the [EKCC] is entitled to judgment as a matter of law." *O'Dea*, 939 S.W.2d at 356.

## CONCLUSION

For the reasons stated herein, we AFFIRM the judgment of the Franklin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEES:

Simeon McKinnie, *pro se*          Peter W. Dooley
West Liberty, Kentucky          Frankfort, Kentucky