RENDERED:  OCTOBER 10, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1313-MR

KHALIL COLEMAN                                                    APPELLANT

v.            APPEAL FROM FRANKLIN CIRCUIT COURT
              HONORABLE THOMAS D. WINGATE, JUDGE
              ACTION NO. 24-CI-00265

GREEN RIVER CORRECTIONAL
COMPLEX                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, L. JONES, AND LAMBERT, JUDGES.

CETRULO, JUDGE:  Khalil Coleman ("Coleman"), *pro se*, appeals the Franklin

Circuit Court's order denying his motion for default judgment and granting

Appellee's motion for summary judgment challenging a disciplinary proceeding

held at Green River Correctional Complex ("GRCC"), which resulted in a finding

that he violated institution rules.  Finding no error, we affirm.

**FACTS & PROCEDURAL BACKGROUND**

On September 2, 2023, GRCC surveillance camera footage captured a physical altercation among multiple inmates in the prison gymnasium. Upon review of the footage, GRCC corrections officers identified seven inmates involved in the fight. Coleman was identified as one of the main participants and described as entering the gymnasium followed by a group of inmates. As Coleman and the group approached the doorway of the gymnasium bathroom, Coleman approached another inmate and threw the first punch. Lieutenant Daniel Dukes ("Lt. Dukes") detailed the ensuing fight in his report, noting that a handful of inmates remained standing at the bathroom doorway; eventually, a few tried to break up the fight but were pushed or pulled out of the bathroom by others. Moments after the initial altercation, Coleman got into another fistfight with a second inmate, while the group of inmates stood at the bathroom doorway and either watched or tried to break up the fight.

The GRCC Security Threat Group ("STG") Coordinator reviewed the surveillance footage and concluded that the fight qualified as an STG event.[1] Lt.

---

[1] Chapter 15.2 (Rule Violations and Penalties) of Kentucky Corrections Policies and Procedures defines Security Threat Group or STG as "a formal or informal ongoing group of inmates varying in organization and composition that: (A) Have common characteristics, interests, and goals distinguishing them from other offenders; (B) Have a common name or common identifying signs, colors, or symbols; (C) Individually or collectively engage in or have a pattern of continued criminal activity or departmental rule violations; and (D) Have the potential to act in concert to interrupt the safe, secure and orderly operations of a correctional institution or any other Department of Corrections facility, or pose a threat or potential threat to public safety."

Dukes interviewed Coleman and the other involved inmates. During his interview, Coleman admitted to his involvement in the September 2 altercation but argued that he only fought with two other inmates. Coleman denied walking into the gymnasium as part of a group or having any other gang affiliation.

Lt. Dukes charged Coleman with violating Kentucky Corrections Policy and Procedure ("CPP") 15.2, Section II(C), Category VI(18) for "violence toward another inmate that is STG related."[2] Coleman received a copy of the disciplinary report on September 22, 2023, and an adjustment hearing was held three days later on September 25.

At the adjustment hearing, Coleman was accompanied by an inmate legal aide, testified on his own behalf, and did not call any other witnesses. Coleman acknowledged 24-hour advanced notice of the hearing, timely receipt of his disciplinary report, and sufficient time to meet with his legal aide. At the conclusion of the hearing, the Adjustment Officer ("AO") found Coleman guilty of the charged offense, based on 1) Coleman's admitted participation in the fight; 2) evidence from the surveillance footage corroborating Coleman's admission; and 3) the STG Coordinator's opinion that the fight constituted an STG-related event. The AO sanctioned Coleman with disciplinary segregation for 30 days and the loss

---

[2] Category VI(18) violation reads "STG related physical action or force against another inmate[.]"

of 112 good-time days.  Coleman appealed the hearing decision to the Warden of GRCC who concurred with the AO's findings and denied the appeal.

In January 2024, Coleman, *pro se*, petitioned the Franklin Circuit Court, pursuant to Kentucky Revised Statute ("KRS") 418.040, for declaratory judgment dismissing or amending the findings of the disciplinary hearing.  GRCC moved for summary judgment.  Coleman responded with a motion for default judgment.  In its written order granting summary judgment and denying Coleman's motion, the circuit court held that Coleman received due process and that the AO's decision satisfied the "some evidence" standard of review.  This appeal followed.

## ANALYSIS

On appeal, Coleman presents two arguments under the broad assertion that his conviction from the disciplinary hearing violated due process.  First, he argues that the AO's decision of guilt on the Category VI(18) violation is not sufficiently supported by the evidence.  Second, he argues that the STG provisions in CPP 15.2 were improperly codified in Kentucky Administrative Regulations, and therefore, illegitimate.

"The general formula Kentucky courts at all levels employ to determine whether summary judgment is proper is to ask whether there are genuine issues of material fact, and, if not, whether the movant is entitled to judgment as a matter of law."  *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997); *see*

Kentucky Rule of Civil Procedure ("CR") 56.03. When reasonable, "ambiguities in the record must be construed in favor of the non-moving party." *Smith*, 939 S.W.2d at 355 (citing CR 56; *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991)). However, this Court has noted that "[w]here, as here, principles of administrative law and appellate procedure bear upon the court's decision, the usual summary judgment analysis must be qualified." *Id.* at 356.

> The problem is to reconcile the requirement under the general summary judgment standard to view as favorably to the non-moving party as is reasonably possible the facts and any inferences drawn therefrom, with a reviewing court's duty to acknowledge an agency's discretionary authority, its expertise, and its superior access to evidence. In these circumstances we believe summary judgment for the Corrections Department is proper if and only if the inmate's petition and any supporting materials, construed in light of the entire agency record . . . , does not raise specific, genuine issues of material fact sufficient to overcome the presumption of agency propriety, and the Department is entitled to judgment as a matter of law.

*Id.*

In the context of prison disciplinary proceedings where loss of a protected liberty interest is at stake, an inmate is entitled to due process, "but the process due is no more than notice of the charges, a reasonable opportunity to be heard, and a brief written finding suitable for judicial review." *Smith*, 939 S.W.2d at 357 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). In this case, Coleman received adequate due process. He had received advanced notice of the charges

against him and his hearing date, the opportunity to call witnesses and present evidence in his defense, and a written statement from the factfinder stating the evidence relied upon and the reasons for the disciplinary actions.

As to the sufficiency of the evidence, courts utilize the "some evidence" standard for reviewing a prison disciplinary board's decision. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Smith*, 939 S.W.2d at 357-58 (adopting the federal standard of review in *Walpole*). The "some evidence" standard is met if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Walpole*, 472 U.S. at 455-56; *see also Ramirez v. Nietzel*, 424 S.W.3d 911, 917 (Ky. 2014) (citation omitted) ("Even 'meager' evidence will suffice."). Once the "some evidence" standard is satisfied, "the fear of arbitrary government action is removed and no due-process violation is found." *Ramirez*, 424 S.W.3d at 917.

Considering this lesser standard, we likewise agree with the circuit court that there is "some evidence" in the record supporting the AO's finding of guilt. Coleman admitted to his participation in the fight on September 2, which was corroborated by video surveillance footage. The AO considered this evidence in addition to the conclusions from the STG investigation. The only evidence rebutting the SGT categorization was Coleman's own self-serving statements.

We do not address Coleman's second contention regarding the codification of the SGT provisions in CPP 15.2 as this argument is not properly preserved. "It is a matter of fundamental law that the trial court should be given an opportunity to consider an issue, so an appellate court will not review an issue not previously raised in the trial court." *Marksberry v. Chandler*, 126 S.W.3d 747, 753 (Ky. App. 2003). Moreover, "an issue not properly raised in an intermediate appellate court may not be raised on appeal to the next higher court." *Id.* (quoting *Pers. Bd. v. Heck*, 725 S.W.2d 13, 18 (Ky. App. 1986)).

Given the lowered "procedural and evidentiary standards that satisfy due process" in the prison disciplinary context, *Wilson v. Haney*, 430 S.W.3d 254, 257 (Ky. App. 2014), and the "judicial deference to the judgments of prison disciplinary committees and administrators," *Smith*, 939 S.W.2d at 358, we agree with the circuit court's ruling. Coleman has not "raise[d] [any] specific, genuine issues of material fact sufficient to overcome the presumption of agency propriety, and [GRCC] is entitled to judgment as a matter of law." *Smith*, 939 S.W.2d at 356.

## CONCLUSION

For the foregoing reasons, we AFFIRM the order of the Franklin Circuit Court.

ALL CONCUR.

-7-

BRIEFS FOR APPELLANT:

Khalil Coleman, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Crystal L. Thompson
Frankfort, Kentucky